Opinion issued January 17, 2008                                     

 

















In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00085-CR




JOSE ALBERTO MENJIVAR, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause No. 990285



 
MEMORANDUM OPINION
          Appellant, Jose Alberto Menjivar, pleaded guilty to the offense of murder. 
Appellant entered into a plea bargain with the State that capped the sentence that the
trial court could assess as punishment. The plea papers signed by appellant, his
attorney, the State’s attorney, and the trial court show that appellant pleaded guilty
and agreed that “punishment should be set at PSI with a cap of 30 years.” After
considering the presentence report and evidence admitted at the presentence
investigation hearing, the trial court sentenced appellant to 30 years in prison, a
punishment that fell within the agreed cap. 

          The trial court initially certified that this is not a plea-bargain case, and the
defendant has the right of appeal. The trial court appointed appellate counsel, who
filed a brief. The State filed an appellee’s brief, and we submitted the case for
consideration. 

          After reviewing the record, we found that the case was a plea-bargain case and
the certification was defective. We abated the appeal and ordered the trial court to
amend the certification. We have received the trial court’s amended certification that
states that this is a plea-bargain case and the defendant has no right of appeal.

          We conclude that the certifications of the right of appeal filed by the trial court
are supported by the record and that appellant has no right of appeal due to the agreed
plea bargains. Tex. R. App. P. 25.2(a)(2); see also Chavez v. State, 183 S.W.3d 675,
680 (Tex. Crim. App. 2006) (holding that agreement to punishment cap is plea
bargain for purposes of Rule 25.2); Shankle v. State, 119 S.W.3d 808, 813 (Tex.
Crim. App. 2003) (same). Accordingly, we dismiss the appeal “without further
action, regardless of the basis for the appeal.” Chavez, 183 S.W.3d at 680; see also
Greenwell v. Court of Appeals for Thirteenth Judicial Dist., 159 S.W.3d 645, 649
(Tex. Crim. App. 2005) (explaining purpose of certification requirements is to resolve
cases that have no right of appeal quickly without expense of appointing appellate
counsel, preparing reporter’s record or preparing appellate brief).

Conclusion

          We dismiss the appeal.

 
                                                                        Elsa Alcala 

                                                                        Justice

 

 

Panel consists of Justices Alcala, Hanks, and Price.




Price, J., dissenting, for reasons expressed in his dissent to the order issued November
15, 2007.



Do not publish. See Tex. R. App. P. 47.2(b).