In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-08-00458-CR
          01-08-00459-CR
____________

JEFF MCCLENDON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 230th District Court 
Harris County, Texas
Trial Court Cause Nos. 1133025 and 1133026



 
MEMORANDUM OPINION
               Appellant, Jeff McClendon, pleaded guilty to the offense of aggravated
kidnapping in cause number 1133026, and pleaded guilty to the offense of
aggravated robbery number 1133025. In each case appellant had an agreement with
the State that his punishment would not exceed confinement for 27 years.

               Along with the plea, appellant, appellant’s counsel, and the State signed a
stipulation of evidence which included, among others, the following statements: “I
intend to enter a plea of guilty and understand that the prosecutor will recommend
that my punishment should be set at PSI Hearing w/ a cap of 27 yrs TDC and I agree
to that recommendation...Further, I waive my right of appeal which I may have should
the court accept the foregoing plea bargain agreement between myself and the
prosecutor.” In accordance with appellant’s plea bargain agreement with the State,
the trial court sentenced appellant, in each case, to confinement for 22 years. 
Appellant did not request the trial court’s permission to appeal any pre-trial matters,
and the trial court did not give permission for appellant to appeal. Appellant filed
a timely pro se notice of appeal. This appeal followed.

               Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure provides that, in
a plea-bargained case in which the punishment assessed does not exceed the plea
agreement, a defendant may appeal only those matters that were raised by written
motion filed and ruled on before trial, or after obtaining the trial court’s permission
to appeal. Tex. R. App. P. 25.2(a)(2). See Tex. R. App. P. 25.2(a)(2); see also Chavez
v. State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (holding that agreement to
punishment cap is plea bargain for purposes of Rule 25.2); Shankle v. State, 119
S.W.3d 808, 813 (Tex. Crim. App. 2003) (same). 

               The trial court’s certification of appellant’s right to appeal states that this
is a plea-bargained case and appellant has no right to appeal. The record supports the
certification. We must dismiss an appeal “without further action, regardless of the
basis for the appeal.” if the trial court’s certification shows there is no right to appeal.
Chavez, 183 S.W.3d at 680 

               Accordingly, we dismiss the appeal in cause number 1133026 and in cause
number 1133027 for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Taft, Jennings, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).