In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-00521-CR


NO. 09-08-00522-CR


NO. 09-08-00523-CR


____________________



DONNELL JAY THOMAS, Appellant



V.



THE STATE OF TEXAS, Appellee


 




On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause Nos. 08-03341, 08-03340 & 08-03326 






MEMORANDUM OPINION



 On November 17, 2008, the trial court sentenced Donnell Jay Thomas on three 
convictions for robbery. Thomas filed a notice of appeal on December 2, 2008. The trial
court entered certifications of the defendant's right to appeal in which the court certified that
these are plea-bargain cases and the defendant has no right of appeal. See Tex. R. App. P.

25.2(a)(2). The district clerk has provided the trial court's certifications to the Court of
Appeals.

 On December 3, 2008, we notified the parties that we would dismiss the appeals 
unless amended certifications were filed within fifteen days of the date of the notice and
made a part of the appellate records. See Tex. R. App. P. 25.2(f). The records have not been
supplemented with amended certifications.

 Because the records do not contain certifications that show the defendant has the right
of appeal, we must dismiss the appeals. See Tex. R. App. P. 25.2(d). Accordingly, we
dismiss the appeals for want of jurisdiction.

 APPEALS DISMISSED. 



 

 STEVE McKEITHEN

 Chief Justice

 

Opinion Delivered January 21, 2009

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.


DISSENTING OPINION


 Respectfully, I suggest this Court should first obtain the record. Appellant's attorney
asserts "that the unagreed punishment recommendation, the judgment, and the notice of
appeal, all reflect that there was no agreement concerning Thomas's sentence, thereby, giving
this Honorable Court jurisdiction." The argument appears to be wrong under current law,
given the broad language in Shankle of the type of plea-bargain that "effectively puts a cap
on punishment . . . ." See Shankle v. State, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003). 
The certification also states separately that appellant waived any right of appeal. 

 Nevertheless, if we had a record, we would have a duty to compare the certification
to the record, and then act accordingly. See Dears v. State, 154 S.W.3d 610, 614-615 (Tex.
Crim App. 2005). We do not have a record. When the issue is not contested in response to
an inquiry from the Clerk, it would seem proper for the Court to dismiss the appeal based on
the certification even without a complete record. See generally id. 

 When an appellant's counsel contests the correctness of the certification, however, an
appellate court should obtain a record of sufficient completeness and make a decision based
on the record, possibly permitting accelerated briefing by the parties on the issue. The
arguments for a certification correction can then be addressed in an opinion. While it appears
the result would likely be no different in this case, considering the documents appellant's
counsel provided, obtaining an official record of sufficient completeness to permit review
and analysis of the argument seems the proper approach. 


 ___________________________

 DAVID GAULTNEY

 Justice


Dissent Delivered 

January 21, 2009