Opinion issued July 16, 2009






















In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-08-00123-CR

 ____________


FRANK DANIEL JOHNSON, III, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 337th District Court 

Harris County, Texas

Trial Court Cause No. 1106796






MEMORANDUM OPINION

 Appellant, Frank Daniel Johnson, III, pleaded guilty to the offense of
burglary of a habitation with an agreement from the State that his punishment would
not exceed confinement for 20 years.

 Along with the plea, appellant, appellant's counsel, and the State signed a
stipulation of evidence which included, among others, the following statements: "I
intend to enter a plea of guilty and understand that the prosecutor will recommend
that my punishment should be set at PSI Hearing w/ a cap of 20 yrs TDC and I agree
to that recommendation . . .Further, I waive my right of appeal which I may have
should the court accept the foregoing plea bargain agreement between myself and the
prosecutor." In accordance with appellant's plea bargain agreement with the State,
the trial court sentenced appellant to confinement for 20 years. Appellant did not
request the trial court's permission to appeal any pre-trial matters, and the trial court
did not give appellant permission to appeal. Appellant filed a timely pro se notice of
appeal. 

 In a plea-bargained case in which the punishment assessed does not exceed
the plea agreement, a defendant may appeal only those matters that were raised by
written motion filed and ruled on before trial, or after obtaining the trial court's
permission to appeal. Tex. R. App. P. 25.2 9a) (2); see Chavez v. State, 183 S.W.3d
675, 680 (Tex. Crim. App. 2006) (holding that agreement to punishment cap is plea
bargain for purposes of Rule 25.2); Shankle v. State, 119 S.W.3d 808, 813 (Tex.
Crim. App. 2003) (same). 

 The trial court's certification of appellant's right to appeal states that this
is a plea-bargained case and appellant has no right to appeal. The record supports the
certification. We must dismiss an appeal "without further action, regardless of the
basis for the appeal" if the trial court's certification shows there is no right to appeal.
Chavez, 183 S.W.3d at 680 

 Accordingly, we dismiss the appeal for lack of jurisdiction.

 Any pending motions are denied as moot.

PER CURIAM

Panel consists of Justices Jennings, Alcala, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).