In The

Court of Appeals

For The

First District of Texas

___________


NOS. 01-09-00594-CR

 01-09-00595-CR

____________


JACOB DAVID DELACRUZ, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 232nd District Court 

Harris County, Texas

Trial Court Cause Nos. 1169883 and1198542






MEMORANDUM OPINION

 Appellant, Jacob David Delacruz, pleaded guilty to two separate offenses of
aggravated robbery with an agreement from the State that his punishment would not
exceed confinement for 30 years. Along with the plea, appellant, appellant's counsel,
and the State signed, in each case, a stipulation of evidence which included, among
others, the following statements: "I intend to enter a plea of guilty and understand that
the prosecutor will recommend that my punishment should be set at PSI Hearing w/
a cap of 30 yrs TDC and I agree to that recommendation . . .Further, I waive my right
of appeal which I may have should the court accept the foregoing plea bargain
agreement between myself and the prosecutor." In accordance with appellant's plea
bargain agreement with the State, the trial court sentenced appellant in each case to
confinement for 25 years, a punishment that fell within the agreed punishment cap. 
Appellant did not request the trial court's permission to appeal any pre-trial matters,
and the trial court did not give appellant permission to appeal. Appellant filed a
timely pro se notice of appeal. 

 In a plea-bargained case in which the punishment assessed does not exceed the
plea agreement, a defendant may appeal only those matters that were raised by written
motion filed and ruled on before trial, or after obtaining the trial court's permission
to appeal. Tex. R. App. P. 25.2 9a) (2); see Chavez v. State, 183 S.W.3d 675, 680
(Tex. Crim. App. 2006) (holding that agreement to punishment cap is plea bargain for
purposes of Rule 25.2); Shankle v. State, 119 S.W.3d 808, 813 (Tex. Crim. App.
2003) (same). 

 In each case, the trial court's certification of appellant's right to appeal states
that this is a plea-bargained case and appellant has no right to appeal. The record
supports the certifications. We must dismiss an appeal "without further action,
regardless of the basis for the appeal" if the trial court's certification shows there is
no right to appeal. Chavez, 183 S.W.3d at 680 

 Accordingly, we dismiss the appeal in cause number 1169883 and in cause
number 1198542 for lack of jurisdiction.

 Any pending motions are denied as moot.

PER CURIAM

Panel consists of Chief Justice Radack, and Justices Bland and Massengale.

Do not publish. Tex. R. App. P. 47.2(b).