Bruce Wayne SHANKLE, Appellant,

v.

The STATE of Texas.

No. 2031–01.

Court of Criminal Appeals of Texas, En Banc.

Nov. 5, 2003.

---

1. TEX. PENAL CODE § 12.21.

Bob D. Odom, Belton, for Appellant.

James T. Russell, Assistant District Attorney, Belton, Matthew Paul, State's Attorney, Austin, for State.

WOMACK, J., delivered the unanimous opinion of the Court.

When a defendant pleads guilty to one offense pursuant to a plea-bargain agreement by which the State consented to an unadjudicated offense's being taken into account in assessing punishment, is the sentence for the offense a "punishment recommended by the prosecutor" for purposes of the rule that limits the right of plea-bargainers to appeal? We hold that it is.

### Proceedings in the Courts Below

According to a police officer's affidavit in the clerk's record of this case, on August 15, 1999, the appellant entered the "home" of a girl younger than seventeen years of age, threatened to kill her, sexually assaulted her, and stole "items" from her home. A few months later, a grand jury presented an indictment for aggravated sexual assault and an indictment for burglary of a habitation.

On January 19, 2001, the appellant and the State filed a "disclosure of plea recommendations" in the sexual assault case, to "show the court":

> that a plea agreement has been reached between the defendant and the State, subject to the approval of the Court, to-wit: that in exchange for a plea of guilty to AGGRAVATED SEXUAL ASSAULT OF A CHILD, the State agrees to recommend and does recommend in complete fulfillment of all promises that Defendant's sentencing will be done by the Judge taking the plea in this case. The Defendant shall be adjudicated guilty.
>
> that in exchange for the Defendant pleading guilty in this cause, the State agrees to barr [sic] prosecution of Defendant for the felony offense of Burglary of Habitation in Cause No. 50,637, IAW [in accordance with] § 12.45, TEXAS PENAL CODE[, and]
>
> that the State agrees to file no more charges arising from events occurring on August 15, 1999.

On the same day, the appellant executed a written "Waiver of Jury and Agreement to Stipulate Upon a Plea of Guilty," a written judicial confession, and a written admission of the unadjudicated offense of burglary of habitation for which he had been indicted, and he pleaded guilty.

After receiving in evidence the appellant's written confession of the sexual-assault offense, the court withheld a finding on guilt, ordered a presentence investigation, and said that the case would be reset for sentencing.

On March 30, 2001, the court heard testimony from nine witnesses. Then it admonished the defendant and took his plea of guilty in the burglary of habitation case. (The reason for doing this was not stated.) [1] The court announced that it would

---

1. See Zapata v. State, 905 S.W.2d 15, 16 (Tex. App.-Corpus Christi 1995, no pet.) ("Section 12.45 does not require that a defendant plead guilty to an unadjudicated offense. Rather,

take the burglary offense into account in assessing punishment in the sexual assault case, and that it would bar further prosecution of the burglary case.

The court heard the argument of counsel, found the appellant guilty of aggravated sexual assault, sentenced him to 40 years in prison, gave him credit for 592 days in jail, and ordered him to pay court costs, attorney's fees, and restitution. The court noted that the appellant had 30 days in which to file a motion for new trial or a motion in arrest of judgment. The appellant said he needed to take that time.

The State noted for the court that "there is a plea agreement in this case and that was—so his right of appeal is limited."

Defense counsel said, "Correct."

The Court said, "Yes. There is—there is a limited right of appeal in this case, but I will give you the 30 days so that you can make a decision as to what you wish to do." The court remanded the appellant to custody, and recessed.

On a "Bell County Law Enforcement Center Inmate Services Request" form dated April 3, 2001, the appellant wrote to the District Clerk:

I am under the understanding that I need to send this to you Mrs. Norman. This is my Notice of Appeal. I am going to be appealing my case. So, if you would file or take this and put on Record that I am & will be filing an Appeal. So, here is my Notice of Appeal. If you could send me a copy of this I would appreciate it. [Signed] Bruce Shankle. Thank You!

The clerk filed the notice on April 5, 2001. On April 26, the court of appeals ordered

the district court to appoint counsel for the appellant.

The court of appeals held that the notice of appeal was adequate to invoke its jurisdiction, and that the district court's failure to admonish the appellant that he would be required to register as a sex offender was a reversible error under the standard of review in Rule of Appellate Procedure 44.2(b). *Shankle v. State,* 59 S.W.3d 756 (Tex.App.-Austin 2001). We granted review of both holdings. Because of our decision on the first holding, we shall not reach the merits of the second.

### Defendant's Right of Appeal

In 1977, the legislature acted to limited the right of appeal by a plea-bargaining defendant. The same legislature enacted Texas' first authorization and regulation of plea-bargaining.

Before 1977, the legislature's only action on plea-bargaining was a 1975 amendment of Code of Criminal Procedure article 26.13 that included this new subdivision:

(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

(1) the range of the punishment attached to the offense; and

(2) the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court.[2]

In *Cruz v. State,* this Court "commend[ed] the practice" that was codified by that amendment, and said:

In addition, we commend as better practice a procedure whereby the trial judge on the record informs the defendant and the attorneys for both the defense and the State that they have a duty to enu-

---

the statute requires that appellant, during the punishment hearing, admit guilt to the unadjudicated offense").

2. Act of June 19, 1975, 64th Leg., R.S., ch. 341. § 3, 1975 Tex. Gen. Laws 909, 909.

merate to the court and upon the record the details of any agreements that may have been reached as a result of plea negotiations. The instances in which defendants are misled by their own attorney or the State's attorney should be reduced, as well as the instances in which defendants feel they have been misled or deceived. We can perceive no valid reason why in this manner the whole subject of plea-bargaining should not be brought out of the shadows and into the open light of day. The only effect can be more even-handed justice, a better informed exercise of judicial discretion, and an increase in the extent to which defendants feel the criminal justice system has treated them fairly.[3]

The Court refused, however, to follow the decisions of state and federal courts that had given defendants the right to withdraw their pleas if the trial court refused to follow a plea-bargaining agreement.

Whether it was motivated by the *Cruz* opinion we cannot say, but the next legislature authorized and regulated plea-bargaining agreements by adding a proviso to Article 26.13(a)(2), so that the article read:

(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

(1) the range of the punishment attached to the offense; and

(2) the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court. Provided that the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant and, in the event that such an agreement exists, the court shall inform the defendant whether it will follow or reject such agreement in open court and before any finding on the plea. Should the court reject any such agreement, the defendant shall be permitted to withdraw his plea of guilty or nolo contendere, and no statement or other evidence received during such hearing on the defendant's plea of guilty or nolo contendere may be admitted against the defendant on the issue of guilt or punishment in any subsequent criminal proceeding.[4]

This amendment not only brought plea-bargaining into the open, it also modified the traditional doctrine which we had adopted in *Cruz* that the recommendation of the prosecuting attorney as to punishment was not binding on the court and that the defendant had no recourse if the punishment exceeded that to which he had agreed. The 1977 act authorized the State and the defendant to enter into a plea-bargaining agreement on punishment that would be binding on the court, to the extent that the defendant was entitled to learn whether the court would follow the agreement and to withdraw his plea if the court refused to be bound by the agreement.

The same legislature limited a plea-bargaining defendant's right of appeal by adding to article 44.02 of the Code of Criminal Procedure a proviso so that the article read:

A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his

---

3.   530 S.W.2d 817, 822 (Tex.Cr.App.1975).

4.   Act of May 27, 1977, 65th Legislature, R.S., ch. 280, 1977 Tex. Gen. Laws 748.

attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial.[5]

We have held that a guilty-pleading defendant's right of appeal, as thus limited, is a substantive right that may not be abridged, enlarged, or modified by Rule of Appellate Procedure 25.2(b).[6] This is because of the terms of the act of the legislature that, in 1985, granted this Court authority to make such rules: "The court of criminal appeals is granted rulemaking power to promulgate rules of posttrial, appellate, and review procedure in criminal cases except that its rules may not abridge, enlarge, or modify the substantive rights of a litigant."[7]

Using language that was substantially identical to that in the 1977 proviso to Article 44.02, we embodied the guilty-pleading defendant's right of appeal in the Rules of Appellate Procedure in 1986,[8] and in the revisions of the Rules in 1997[9] and 2003.[10]

The 1977 legislative act and our rules have limited the right of appeal of a defendant whose plea of guilty was entered in a case in which the court assessed a punishment that did "not exceed the punishment recommended by the prosecutor and agreed to by the defendant." The question is whether this case is such a case. The prosecutor and the appellant entered into a plea-bargain agreement, but was it an agreement by which the prosecutor rec-

5. Act of June 10, 1977, 65th Leg., R.S., ch. 351, § 1, 1977 Tex. Gen. Laws 940, *repealed by* Act of June 14, 1985, 69th Leg., R.S., ch. 685, §§ 1 & 4, 1985 Tex. Gen. Laws 2472 (authorizing Court of Criminal Appeals to promulgate rules of procedure and conditionally repealing articles of Code of Criminal Procedure). The proviso was repealed simultaneously with the effective date of former Rule of Appellate Procedure 40(b)(1), the predecessor of Rule of Appellate Procedure 25.2(b).

6. *Cooper v. State*, 45 S.W.3d 77, 81 (Tex.Cr. App.2001).

7. Act of June 14, 1985, *supra* note 5, *codified as* Tex. Gov't Code § 22.108(a) *by* Act of May 21, 1987, 70th Leg., R.S., ch. 148, § 2.04(a), sec. 22.108(a), 1987 Tex. Gen. Laws 534, 542.

8. *See* Tex.R.App. P. 40(b)(1) (1986) ("Such notice [of appeal] shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order; but if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that

the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial").

9. *See* Tex.R.App. P. 25.2(b)(3) (1997) ("'(2) Notice is sufficient if it shows the party's desire to appeal from the judgment or other appealable order . . . . (3) But if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must: (A) specify that the appeal is for a jurisdictional defect; (B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or (C) state that the trial court granted permission to appeal").

10. *See* Tex.R.App. P. 25.2(a)(2) (2003) ("A defendant in a criminal case has the right of appeal under Code of Criminal Procedure article 44.02 and these rules. ... In a plea bargain case—that is, a case in which defendant's plea is guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal").

ommended, and the appellant agreed to, "punishment"?

The two basic kinds of plea-bargaining in the United States are charge-bargaining and sentence-bargaining.[11] Charge-bargaining involves questions of whether a defendant will plead guilty to the offense that has been alleged or to a lesser or related offense, and of whether the prosecutor will dismiss, or refrain from bringing, other charges. Sentence-bargaining may be for binding or non-binding recommendations to the court on sentences, including a recommended "cap" on sentencing[12] and a recommendation for deferred-adjudication probation.[13] (There can be other kinds of plea bargains that include other considerations, but they are far fewer in number.)

It is obvious that sentence-bargaining involves punishment, and almost equally obvious that charge-bargaining affects punishment. An agreement to dismiss a pending charge, or not to bring an available charge, effectively puts a cap on punishment at the maximum sentence for the charge that is not dismissed.

If the State and the appellant in this case had made an agreement that the State would recommend a punishment not to exceed one life sentence, it unquestionably would have been an agreement on punishment. The agreement for the State to allow the court to take into account the other pending charge of burglary of a habitation in assessing punishment for the sexual assault, and not to charge another offense that the appellant committed that day, had the same effect. The agreement in this case for the court to take the burglary into account in punishing the appellant for the sexual assault also was like a sentence-bargain in that it required the consent of the court.

Charge-bargains can affect punishment in other ways. For example, two offenses may be within the same range of punishment, but if one of them is described in Code of Criminal Procedure article 42.12, section 3g, and the other is not, the effects of sentences that are identical on their faces can be quite different. Sentences that are described in that section cannot be suspended by the trial court without the recommendation of a jury,[14] and offenders convicted of them become eligible for parole only when their actual calendar time served in confinement equals the lesser of

---

11. *See* FED.R.CRIM.P. 11(e)(1) (authorizing agreement to plead guilty to charged offense or a lesser or related offense, in return for government's moving to dismiss other charges, making non-binding sentence-recommendation, or making binding recommendation of specific sentence); GEORGE E. DIX & ROBERT O. DAWSON, 43 TEXAS PRACTICE—CRIMINAL PRACTICE AND PROCEDURE § 34.101 (2d ed. 2001) ("Broadly, there are three types of plea bargains—(1) charge reduction, ... (2) charge dismissal, ... and (3) sentence recommendation, in which the defendant pleads guilty in exchange for a promise by the State to make some specified type of punishment recommendation"); JOSHUA DRESSLER & GEORGE C. THOMAS, II, CRIMINAL PROCEDURE 992 (2d ed.2003) ("three types of deals": agreement to dismiss charges, binding sentencing agreement, and non-binding sentencing recommen-

dation); WAYNE R. LAFAVE, JEROLD H. ISRAEL, & NANCY J. KING, 5 CRIMINAL PROCEDURE § 21.1(a) (2d ed.1999) (discussing three "forms" of plea-bargaining: charge-bargaining, sentencing-bargaining, and a combination of those two); CHARLES H. WHITEBREAD & CHRISTOPHER SLOBOGIN, CRIMINAL PROCEDURE § 26.02 (4th ed.2000) (discussing four "types" of plea-bargaining: reduction in charge, dismissal of other charges, sentence recommendation, and stipulation that particular sentence is appropriate).

12. *See Ditto v. State*, 988 S.W.2d 236, 238–39 (Tex.Cr.App.1999).

13. *See Vidaurri v. State*, 49 S.W.3d 880 (Tex. Cr.App.2001).

14. *See* TEX.CODE CRIM. PROC. art. 42.12, § 3g(a).

one-half of the sentence or 30 years, while other offenders are eligible when their actual calendar time served plus good conduct time equals the lesser of one-fourth of the sentence or 15 years.[15]

Because the appellant pleaded guilty and "the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant," we hold that the plea-bargaining appellant had no right of appeal under the applicable rule of appellate procedure.

The court of appeals should not have addressed the merits of the appellant's point of error about the trial court's failure to admonish him as Code of Criminal Procedure article 26.13(a)(5) required, and we may not address it either. The judgment of the court of appeals is vacated, and the appeal is dismissed.