NUMBER 13-02-305-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG




ROLAND MARTINEZ,                                                        Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.




On appeal from the 197th District Court
of Cameron County, Texas.




O P I N I O N
Before Justices Yañez, Garza, and Baird



Opinion by Justice Baird

           Appellant was charged in a three count indictment with the offenses of
aggravated sexual assault, sexual assault, and indecency with a child. The indictment
further alleged a prior felony conviction for the purpose of enhancing the range of
punishment. Appellant pled guilty to indecency with a child, enhanced, and the
prosecutor agreed not to adjudicate the assault charge and make no recommendation
regarding sentencing. The trial judge assessed punishment at twenty-five years
confinement in the Texas Department of Criminal Justice–Institutional Division. We
dismiss.
         The 2003 amendments to the Texas Rules of Appellate Procedure require the
trial court to certify a defendant’s right to appeal. See Tex. R. App. P. 25.2(a)(2). On
August 28, 2003, we abated this appeal to give the trial court the opportunity to file
the certification. We received the certification on September 25, 2003. See Tex. R.
App. P. 25.2(d). The certification states that this is “a plea bargain case, and the
defendant has no right of appeal.”
         Under the plea agreement in this case, the appellant agreed to plead guilty to
a lesser offense and the prosecutor agreed to refrain from bringing other charges. 
According to the Texas Court of Criminal Appeals, a “charge bargain,” as in the instant
case, affects punishment. See Shankle v. State, 119 S.W.3d 808, 813 (Tex. Crim.
App. 2003). Accordingly, because the appellant pleaded guilty and the “punishment
assessed did not exceed the punishment recommended by the prosecutor and agreed
to by the defendant,” we hold that the plea-bargaining appellant had no right of appeal. 
See id. at 814. 
         In his sole issue, appellant argues that the State breached the plea agreement
by making a specific punishment recommendation to the court. Based on our review
of the record, we agree. However, we need not consider what effect this could have
on appellant’s right to appeal because the issue has not been preserved for our review. 
Following trial, defense counsel filed a motion for new trial but did not raise the State’s
breach of the agreement as a ground for relief.
         In Mason v. State, 604 S.W.2d 83, 84 (Tex. Crim. App. [Panel Op.] 1979), the
State violated the plea agreement by making an argument on the issue of punishment. 
On appeal, the defendant sought reversal because of the State’s breach. However,
the Texas Court of Criminal Appeals affirmed because the State’s “argument was
made without objection and appellant did not request to withdraw his plea of guilty.” 
Id. In light of Texas Rule of Appellate Procedure 33.1, requiring the preservation of
appellate complaints, and Mason, we are constrained to hold the issue has not been
preserved for our review. 
         We dismiss this appeal.



 
 

 
 

                                                                                                                   
                                                                        CHARLES BAIRD,
                                                                        Justice

Publish.
Tex. R. App. P. 47.2(b).

Opinion delivered and filed
this 20th day of May, 2004.