Opinion filed December 21, 2005












 
 
  
 
 







 
 
  
 
 




Opinion filed December 21, 2005

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                    Nos. 11-05-00048-CR, 11-05-00049-CR, and
11-05-00050-CR 

 

                                                    __________

 

                                 WESLEY TROY SHIELDS, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 184th District Court

 

                                                          Harris
County, Texas

 

                              Trial
Court Cause Nos. 964421, 964422, and 964423

 



 

                                                                   O
P I N I O N

 








Wesley Troy Shields entered pleas of guilty to the
offenses of indecency with his nine-year-old cousin,[1]
indecency with his eight-year-old cousin,[2]
and aggravated sexual assault of his four-year-old cousin.[3]  In each case, the parties agreed that all of
the sentences would run concurrently and that there would be a cap on the
punishment in the aggravated sexual assault offense of twenty-five years.  The trial court admonished appellant both in
writing and in open court pursuant to Tex.
Code Crim. Pro. Ann. art. 26.13 
(Vernon Supp. 2005).  The trial
court convicted appellant of all three offenses and assessed his punishment at
confinement for ten years for each indecency offense and confinement for twelve
years for the aggravated sexual assault offense.  We modify and affirm.

                                                       Agreement
as to Punishment

Each judgment states that appellant=s guilty plea was an Aopen@
plea or a plea in which no plea bargain agreement had been reached.  However, the record reflects that there were
agreements between the State, appellant, and appellant=s
counsel that the sentences would run concurrently and that the punishment
assessed for the aggravated sexual assault would not exceed twenty-five
years.  These agreements constituted plea
bargain agreements.  See Shankle v. State,
119 S.W.3d 808, 813 (Tex. Crim. App. 2003); Ditto v. State, 988 S.W.2d
236, 238 (Tex. Crim. App. 1999).   The
trial court followed these agreements when it assessed punishment in each
case.  Therefore, the judgments will be
modified to reflect that plea bargain agreements were entered.

                      Effect
of the Plea Bargain Agreements on the Scope of These Appeals

Because plea bargain agreements were entered and
followed by the trial court, appellant is limited to challenging issues raised
in written motions and ruled on prior to trial unless the trial court has
granted permission to appeal.  Tex. Code Crim. Pro. Ann. art. 44.02
(Vernon 1979) and Tex. R. App. P. 25.2(a)(2).  The record before this court does not reflect
that the trial court granted permission to appeal.

                                       Certifications
of Defendant=s Right to Appeal








At the September 28, 2004, hearing, appellant
entered his pleas of guilty.  The trial
court found that there was sufficient evidence of guilt but postponed making
any findings until after the presentence investigation reports (PSIs) were
prepared.  On September 28, 2004, the
trial court signed certifications of the defendant=s
right to appeal stating that the defendant had waived his right to appeal.  On December 2, 2004, the trial court heard
testimony, reviewed the PSIs, found appellant guilty of each offense, assessed
punishment, and imposed the sentences in open court.  Appellant filed his notices of appeal on
December 10, 2004.  Also on December 10,
2004, the trial court signed certifications of defendant=s
right to appeal stating that these were not plea bargain agreement cases and
that appellant had the right to appeal. 
In neither the September 28 certifications nor the December 10
certifications did the trial court give
appellant permission to appeal.

                                                                    Arguments

Appellant raises three points of error.  First, he contends that the trial court
failed to properly admonish him in open court. 
In his second and third points, appellant argues that the trial court
violated his state and federal constitutional rights when the trial court
convicted him of each offense and assessed sentences of confinement rather than
deferring the adjudication of his guilt and placing him on community
supervision in each case.  

None of these points were raised in written
motions and ruled on prior to trial. 
Therefore, these points are not properly before this court.  Moreover, we note that the record does not
support any of appellant=s
contentions.  The points are overruled.

                                                                    Conclusion

Each judgment of the trial court is modified to
reflect a plea bargain agreement that the 
sentences would run concurrently and that the punishment would be capped
at twenty-five years in Trial Court Cause No. 964423.  As modified, the judgments of the trial court
are affirmed.

 

PER CURIAM

 

December 21, 2005

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











[1]Cause No. 11-05-00048-CR





[2]Cause No. 11-05-00049-CR





[3]Cause No. 11-05-00050-CR