COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-259-CR

 

 

GUS BRASHAD MAYS, III                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 371ST
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Gus Brashad Mays, III entered a plea of guilty to aggravated
robbery with a deadly weapon without an agreement on the terms of punishment
for that offense.  The State, however, in
exchange for the guilty plea, agreed to dismiss causes 1045988D and 1048071R
after sentencing on the aggravated robbery case.  The trial court convicted Appellant of
aggravated robbery with a deadly weapon and sentenced him to thirty years=
confinement.  The other causes were then
dismissed in accordance with the agreement. 
In his sole point, Appellant complains that the trial court abused its
discretion by not withdrawing his guilty plea sua sponte after receiving
evidence that negated his criminal responsibility.  Because we cannot address that issue, we
dismiss this appeal.

The
trial court=s original certification of
Appellant=s right to appeal stated that
this Ais a[n]
open pleaBno plea bargain case, and the
defendant has a limited right of appeal.@  But the record shows that although Appellant
entered a plea of guilty to aggravated robbery with a deadly weapon without an
agreement on the terms of punishment, which is not typically the result of a
plea bargain, the State, in exchange for his guilty plea, agreed to dismiss
causes 1045988D and 1048071R after sentencing him on the aggravated robbery
case.  The Texas Court of Criminal
Appeals has explained that this type of bargain, a Acharge-bargain,@ is a
plea bargain: AAn agreement to dismiss a
pending charge . . . effectively puts a cap on punishment at the maximum
sentence for the charge that is not dismissed.@[2]








Accordingly,
we abated and remanded this case to the trial court for the limited purpose of
securing a complete, proper amended certification of appeal.[3]

We also
ordered that the amended certification A include
a notice that the defendant has been informed of his rights concerning an
appeal, as well as any right to file a pro se petition for discretionary
review@ and
that it Abe
signed by the defendant, with a copy given to him.@[4]  Finally, we ordered the trial court to use
whatever means necessary to secure a complete, proper amended certification.[5]  

The
amended certification, signed by the trial court on July 10, 2008, provides, 

I, Judge of the trial
court, certify this criminal case:

 

 X     is not a plea-bargain case, and the
defendant has the right of appeal[] as to punishment issues only[.]








The
phrase Aas to
punishment issues only@ is a handwritten addition to
the standard form for the certification.[6]  Given our prior abatement order providing our
determination that this case is a plea-bargain case, we construe the
certification as providing that this case Ais a
plea-bargain case, but the trial court has given permission to appeal, and the
defendant has the right of appeal@ as to
punishment issues only.[7]


The
amended certification, like the original certification, includes a notice that
Appellant has been informed of his rights concerning an appeal as well as any
right to file a pro se petition for discretionary review.[8]  

The
supplemental clerk=s record also shows that the
trial court bench-warranted Appellant and read the amended certification of
appeal to him in open court, that he refused to sign it, and that copies of the
amended certification signed by the trial court were provided to Appellant and
his counsel on appeal.  We hold that
under these particular facts, the steps taken by the trial courtCbench-warranting
Appellant, reading the amended certification to him in open court, noting his
refusal to sign the amended certification, and providing him with a copy of itCamount
to substantial compliance with the requirement that Appellant sign the amended
certification.[9]


 

 








Appellant
has known since July 10, 2008 that he can appeal punishment issues only.  Because the issue he raised in this appeal is
not a punishment issue, in accordance with the amended trial court
certification, we dismiss this appeal.[10]

 

PER CURIAM

 

PANEL F:    DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
July 31, 2008











[1]See Tex. R. App. P. 47.4.





[2]Shankle v. State, 119 S.W.3d 808, 813
(Tex. Crim. App. 2003).

 





[3]See Tex. R. App. P. 25.2(a)(2), (f), app. D.





[4]Tex.
R. App. P.
25.2(d). 





[5]See id.; see also Morris v. State, No. 07-08-00119-CR, 2008
WL 2096697, at *1 (Tex. App.CAmarillo May 16, 2008, order).





[6]See Tex.
R. App. P.
app. D.





[7]See id.; see also Tex.
R. App. P.
25.2(a)(2), (d).





[8]See Tex. R. App. P. 25.2(d).





[9]See Tex. R. App. P. 25.2(d), (f).





[10]See Tex. R. App. P. 43.2(f).