

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-259-CR

GUS BRASHAD MAYS, III                                          APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

-----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

-----------

### MEMORANDUM OPINION[1]

-----------

Appellant Gus Brashad Mays, III entered a plea of guilty to aggravated robbery with a deadly weapon without an agreement on the terms of punishment for that offense. The State, however, in exchange for the guilty plea, agreed to dismiss causes 1045988D and 1048071R after sentencing on the aggravated robbery case. The trial court convicted Appellant of aggravated

---

[1] *See* TEX. R. APP. P. 47.4.

robbery with a deadly weapon and sentenced him to thirty years' confinement. The other causes were then dismissed in accordance with the agreement. In his sole point, Appellant complains that the trial court abused its discretion by not withdrawing his guilty plea sua sponte after receiving evidence that negated his criminal responsibility. Because we cannot address that issue, we dismiss this appeal.

The trial court's original certification of Appellant's right to appeal stated that this "is a[n] open plea–no plea bargain case, and the defendant has a limited right of appeal." But the record shows that although Appellant entered a plea of guilty to aggravated robbery with a deadly weapon without an agreement on the terms of punishment, which is not typically the result of a plea bargain, the State, in exchange for his guilty plea, agreed to dismiss causes 1045988D and 1048071R after sentencing him on the aggravated robbery case. The Texas Court of Criminal Appeals has explained that this type of bargain, a "charge-bargain," is a plea bargain: "An agreement to dismiss a pending charge . . . effectively puts a cap on punishment at the maximum sentence for the charge that is not dismissed."[2]

Accordingly, we abated and remanded this case to the trial court for the

---

[2] *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003).

2

limited purpose of securing a complete, proper amended certification of appeal.[3]

We also ordered that the amended certification " include a notice that the defendant has been informed of his rights concerning an appeal, as well as any right to file a *pro se* petition for discretionary review" and that it "be signed by the defendant, with a copy given to him."[4]  Finally, we ordered the trial court to use whatever means necessary to secure a complete, proper amended certification.[5]

The amended certification, signed by the trial court on July 10, 2008, provides,

> I, Judge of the trial court, certify this criminal case:
>
>   X   is not a plea-bargain case, and the defendant has the right of appeal[] as to punishment issues only[.]

The phrase "as to punishment issues only" is a handwritten addition to the standard form for the certification.[6]  Given our prior abatement order providing our determination that this case is a plea-bargain case, we construe the

---

[3] *See* TEX. R. APP. P. 25.2(a)(2), (f), app. D.

[4] TEX. R. APP. P. 25.2(d).

[5] *See id.*; *see also Morris v. State,* No. 07-08-00119-CR, 2008 WL 2096697, at *1 (Tex. App.—Amarillo May 16, 2008, order).

[6] *See* TEX. R. APP. P. app. D.

3

certification as providing that this case "is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal" as to punishment issues only.[7]

The amended certification, like the original certification, includes a notice that Appellant has been informed of his rights concerning an appeal as well as any right to file a *pro se* petition for discretionary review.[8]

The supplemental clerk's record also shows that the trial court bench-warranted Appellant and read the amended certification of appeal to him in open court, that he refused to sign it, and that copies of the amended certification signed by the trial court were provided to Appellant and his counsel on appeal. We hold that under these particular facts, the steps taken by the trial court—bench-warranting Appellant, reading the amended certification to him in open court, noting his refusal to sign the amended certification, and providing him with a copy of it—amount to substantial compliance with the requirement that Appellant sign the amended certification.[9]

---

[7] *See id.; see also* TEX. R. APP. P. 25.2(a)(2), (d).

[8] *See* TEX. R. APP. P. 25.2(d).

[9] *See* TEX. R. APP. P. 25.2(d), (f).

4

Appellant has known since July 10, 2008 that he can appeal punishment issues only. Because the issue he raised in this appeal is not a punishment issue, in accordance with the amended trial court certification, we dismiss this appeal.[10]

PER CURIAM

PANEL F:   DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: July 31, 2008

---

[10] *See* TEX. R. APP. P. 43.2(f).

5