Dismissed and Memorandum Opinion filed May 20, 2010.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00294-CR

____________

 

JONATHON SCOTT OVERMAN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from County Criminal Court at Law No. 11

Harris County, Texas

Trial Court Cause No. 1651130

 



 

M E M O R
A N D U M   O P I N I O N

Appellant entered a plea of guilty/no contest to driving
while intoxicated, second offense.  Appellant and the State agreed that
appellant=s punishment would not exceed a fine of $1,000 or confinement for more
than one year in the Harris County Jail. In accordance with the terms of this
agreement with the State, the trial court sentenced appellant on January 4,
2010, to confinement for one year in the Harris County Jail and assessed a fine
of $1,000.   Appellant filed a timely notice of appeal. We dismiss the appeal. 


The trial court entered a certification of the defendant’s
right to appeal in which the court certified that this is a plea bargain case, and
the defendant has no right of appeal.  See Tex. R. App. P. 25.2(a)(2).  The trial court’s
certification is included in the record on appeal.  See Tex. R. App. P. 25.2(d).  An agreement that places a
cap on punishment is a plea bargain for purposes of Texas Rule of Appellate
Procedure 25.2(a)(2).  See Shankle v. State, 119 S.W.3d 808, 813 (Tex.
Crim. App. 2003).  Accordingly, the record supports the trial court’s
certification.  See Dears v. State, 154 S.W.3d 610, 615 (Tex. Crim. App.
2005).

Accordingly, we dismiss the appeal.  

 

PER CURIAM

 

 

Panel consists of Justices
Brown, Sullivan and Christopher.

Do Not Publish C Tex. R. App. P.
47.2(b).