**Dismissed and Memorandum Opinion filed November 8, 2016.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-16-00731-CR

---

### TREY ANTHONY HARDY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1485217**

---

## M E M O R A N D U M   O P I N I O N

Appellant Trey Anthony Hardy entered a plea of guilty to aggravated robbery with a deadly weapon. Appellant and the State agreed that appellant's punishment would not exceed confinement in prison for more than 15 years. In accordance with the terms of this agreement with the State, on September 12, 2016, the trial court sentenced appellant to confinement for 15 years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a timely, written notice of appeal. We dismiss the appeal.

The trial court entered a certification of the defendant's right to appeal in which the court certified that this is not a plea bargain case and the defendant has the right of appeal. *See* Tex. R. App. P. 25.2(a)(2). The certification is incorrect. An agreement that places a cap on punishment is a plea bargain for purposes of Texas Rule of Appellate Procedure 25.2(a)(2). *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (stating sentence-bargaining may be for recommendations to the court on sentences, including a recommended "cap" on sentencing).

Because appellant's plea was made pursuant to a plea bargain, he may appeal only matters raised by a written pre-trial motion or with the trial court's permission. *See* Tex. R. App. P. 25.2(a)(2). The record does not contain any appealable, pre-trial rulings.

Accordingly, we **DISMISS** the appeal.

PER CURIAM

Panel consists of Justices Christopher, Jamison, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).