

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00365-CR
No. 02-18-00366-CR
No. 02-18-00367-CR
No. 02-18-00368-CR
No. 02-18-00369-CR
No. 02-18-00370-CR

_____

TERVON LEE BASPED, Appellant

V.

THE STATE OF TEXAS

_____

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court Nos. 1543524R, 1543534R, 1543538R, 1543547R, 1543549R, 1543550R

_____

Before Meier, Gabriel, and Kerr, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Appellant Tervon Lee Basped attempts to appeal his convictions for aggravated robbery with a deadly weapon. Each trial court certification states that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* Tex. R. App. P. 25.2(a)(2). On August 24, 2018, we notified Basped that we would dismiss these appeals unless he or any party desiring to continue the appeals filed a response showing grounds for continuing them. *See* Tex. R. App. P. 25.2(d), 44.3. Basped responded that each cause involved an open plea, not a plea bargain, but that he may have waived his right to appeal. We disagree that these are not plea-bargain cases.

The record shows that although Basped pleaded guilty to the aggravated robbery charges without an agreement on punishment, which is not typically the result of plea bargains, the State, in exchange for his guilty pleas, agreed to dismiss count 2 of each indictment and four other aggravated robbery charges. This type of bargain—a "charge bargain"—is a plea bargain: "An agreement to dismiss a pending charge . . . effectively puts a cap on punishment at the maximum sentence for the charge that is not dismissed." *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003); *see Mays v. State*, No. 02-07-00259-CR, 2008 WL 2930536, at *1 (Tex. App.—Fort Worth July 31, 2008, no pet.) (mem. op., not designated for publication) (reasoning similarly); *see also Kassube v. State*, Nos. 12-08-00364-CR, 12-08-00365-CR, 2010 WL 697362, at *1 n.2 (Tex. App.—Tyler Feb. 26, 2010, no pet.) (mem. op., not designated for publication) ("Both charge bargains and sentence bargains can result in

2

a 'plea bargain case' as defined by rule 25.2(a)(2) of the Texas Rules of Appellate Procedure."). There is nothing in the record to indicate that the trial court gave Basped permission to appeal.

Therefore, in accordance with the trial court's certifications, we dismiss these appeals. *See* Tex. R. App. P. 25.2(a)(2), 25.2(d), 43.2(f).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 25, 2018