

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00026-CR

JASON LAMON MAYES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 27450

Before Morriss, C.J., Burgess and Stevens, JJ.

ORDER

Jason Lamon Mayes pled guilty to the offense of delivery of marihuana in an amount of five pounds or less, but more than one-fourth ounce,[1] in exchange for an agreed six-year cap on the punishment he could be assessed.  After pleading guilty, Mayes elected to have the trial court assess punishment.  In its judgment of conviction, the trial court did not exceed the agreed punishment cap.

We advised counsel for Mayes, as well as the trial court, that the agreed to punishment cap rendered this case a plea bargain case for purposes of Rule 25.2(a) of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 25.2(a)(2); *Shankle v. State*, 119 S.W.3d 808 (Tex. Crim. App. 2003).  We further advised the interested parties that it appeared this Court lacked jurisdiction to hear the appeal and afforded Mayes the opportunity to demonstrate to this Court how it had jurisdiction notwithstanding the noted defect.  And, because the trial court's certification of Mayes' right of appeal did not appear to accurately reflect the realities of this case, we asked the trial court to have filed with this Court, in a supplemental clerk's record, a properly signed certification of Mayes' right of appeal.

Mayes has filed a response to this Court's jurisdictional defect letter stating that he entered an open guilty plea.  Although Mayes acknowledged that the written plea admonishments in this case include a six-year punishment cap and that the reporter's record includes a similar recitation, he notes that he did not sign a waiver of his right of appeal.  Mayes further claims that the case is replete with acknowledgments of his right to appeal.  On the record, the trial court asked Mays, "I

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.120.

2

understand, though, by way of this plea agreement there is a cap of six years. Is that your understanding?" Mayes responded affirmatively. Later, the trial court stated, "There are no agreements other than a cap of 6 years." This statement was followed by the trial court's statement to Mayes that he retained the right of appeal.[2] Finally, the trial court characterized the plea as "an open plea capped at 6 years."

It is evident that the parties and the trial court treated this case as an open plea since there was no specific sentencing recommendation agreed to by the State and Mayes. However, the State and Mayes did agree to a cap on punishment. Yet, as explained in our letter, a cap on punishment constitutes a punishment recommendation for purposes of Rule 25.2(a)(2). Despite this fact, it appears that the parties and the trial court intended for Mayes to retain his right of appeal.[3]

In the meantime, the trial court has filed with this Court an amended certification of Mayes' right of appeal stating that this "is a plea-bargain case and the defendant has NO right of appeal." Both Mayes and his counsel have declined to sign the trial court's proposed amended certification. Consequently, a compliant certification of Mayes' right of appeal has yet to be filed in this Court.

In light of the foregoing, we abate this case to the trial court for a hearing to determine Mayes' right of appeal, following which the trial court shall secure a proper certification of defendant's right of appeal in compliance with Rule 25.2(d). Once properly completed and

---

[2]In a plea bargain case, such as this one, "a defendant may appeal . . . after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2)(B). Here, Mayes argued that the trial court gave him permission to appeal on the record. However, that permission is not reflected in the certification of Mayes' right of appeal.

[3]The trial court granted Mayes' request for an appeal bond in March 2019.

executed, the certification shall be filed with this Court in the form of a supplemental clerk's record. *See* TEX. R. APP. P. 34.5(a)(12). The trial court shall cause the supplemental clerk's record to be filed with the clerk of this Court on or before September 9, 2019. This order constitutes notice to all parties, pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure, of the defective certification in this cause. *See* TEX. R. APP. P. 37.1.

All appellate timetables are stayed and will resume on our receipt of the supplemental clerk's record.

IT IS SO ORDERED.

BY THE COURT

Date: August 21, 2019