**DISMISS and Opinion Filed August 27, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-19-00639-CR**
**No. 05-19-00640-CR**

**ANTHONY JESUS SOTELO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 416-82491-2018 & 416-84014-2018**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Myers, and Justice Pedersen, III
Opinion by Chief Justice Burns

Anthony Jesus Sotelo appeals his convictions for theft of property valued at more than $2,500 but less than $30,000 (a state jail felony) and theft of property valued at $300,000 or more (a first degree felony). After appellant pleaded guilty to both offenses, the trial court assessed punishment at two years in state jail and thirty years in prison, respectively. Appellant timely filed his notices of appeal.

The July 1, 2019 clerk's records contain appellant's written plea agreements which state the cases were "open" pleas, and the trial court certifications of appellant's right to appeal which state each case was a "plea-bargain case, and the defendant has NO right of appeal." When the reporter's record was not timely filed, we notified court reporter Destiny Moses and instructed her

to file the reporter's record within thirty days. In response, Ms. Moses, filed a letter with the Court, informing us:

> Counsel for Defense appeared before Judge Thompson on May 31st to clear up the issue of whether this defendant had the right to appeal. I was notified by Counsel for Defense and Judge Thompson that this defendant did not have the right to appeal and I was forwarded the plea transcript of this defendant which I am attaching here as Exhibit A confirming that.

The attached March 14, 2019 reporter's record is of the plea hearing in cause numbers 416-82491-2018 and 416-84014-2018. During the hearing, when the trial court referred to appellant's pleas as "open" pleas, defense counsel and the State agreed there was "kind of a plea agreement." Although it did not make any recommendations regarding punishment, the State did agree to give up its right to a jury trial and to dismiss several cases, including:

> a number of unfiled cases at this time. And there are two filed misdemeanor cases; harboring a runaway and possession of marijuana. There may be some other unfiled misdemeanor cases. There is a criminal offense from October of 2018. There's a criminal offense from January of 2019. And there's another criminal offense that's not listed on there.

In light of this, we asked appellant and the State to file jurisdictional letter briefs. After reviewing the letter briefs and the appellate record, we conclude we lack jurisdiction over these appeals.

A defendant in a plea bargain case may appeal only (1) matters that were raised by written motion filed and ruled on before trial or (2) after getting the trial court's permission to appeal. TEX. R. APP. P. 25.2(a)(2). There are two basic kinds of plea-bargaining: charge-bargaining and sentence-bargaining. *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003). Charge-bargaining involves whether a defendant will plead guilty to the offense that has been alleged or to a lesser or related offense, and whether the prosecutor will dismiss, or refrain from bringing, other charges. *Id*. Sentence-bargaining may be for binding or non-binding recommendations to

the court on sentences, including a recommended "cap" on sentencing and a recommendation for deferred-adjudication probation. *Id*.

Here, appellant entered into charge plea-bargain agreements with the State when he agreed to plead guilty to both of the underlying offenses in these appeals in exchange for the State dismissing several other charges, refraining from charging several offenses, and giving up its right to a jury trial. *See id*. There are no substantive written motions filed by appellant and ruled on by the trial court prior to the hearing on appellant's pleas, and the trial court did not give permission to appeal. Thus, we conclude appellant waived his right to appeal these cases.

We dismiss these appeals.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
190639F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

ANTHONY JESUS SOTELO, Appellant

No. 05-19-00639-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas
Trial Court Cause No. 416-82491-2018.
Opinion delivered by Chief Justice Burns, Justices Myers and Pedersen, III participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered August 27, 2019



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANTHONY JESUS SOTELO, Appellant

No. 05-19-00640-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas
Trial Court Cause No. 416-84014-2018.
Opinion delivered by Chief Justice Burns, Justices Myers and Pedersen, III participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered August 27, 2019