**Order filed May 20, 2021**



In The

# Eleventh Court of Appeals

_____

## 11-19-00230-CR

_____

## DAMON CHAD CAMPBELL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**
**Erath County, Texas**
**Trial Court Cause No. CR15110**

## O R D E R

Upon preparing this appeal for submission on briefs, it came to the attention of this court that Appellant, Damon Chad Campbell, requested in his brief that this appeal be abated so that the trial court can correct the Certification of Defendant's Right of Appeal. We have reviewed the record and the authorities cited by Appellant and have concluded that Appellant is correct: the "charge bargain" in this case constituted a plea bargain subject to Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure. Accordingly, we abate the appeal, remand the cause to the trial court,

and direct the trial court to enter an amended certification that comports with the record. *See* TEX. R. APP. P. 25.2(d).

Appellant was indicted for six counts of possessing or promoting child pornography. In exchange for Appellant's plea of guilty to Count One, the State agreed to abandon Counts Two through Six. The record reflects that the State moved to dismiss these five counts and that the trial court granted the State's motion. With the dismissal of five of the six counts, the maximum sentence that could be assessed against Appellant was capped at twenty years; whereas, if Appellant had been convicted for six counts, he would have been subject to six twenty-year sentences that could have been ordered to run cumulatively. *See* TEX. PENAL CODE ANN. § 3.03(b)(3) (West Supp. 2020), § 12.33(a) (West 2019), § 43.26(e), (g) (West 2016). The trial court conducted a hearing on punishment and assessed Appellant's punishment at imprisonment for seventeen years and a fine of $3,000.

The trial court indicated at sentencing that this was "not a plea bargain agreement" and signed a certification of Appellant's right of appeal that also indicated that this was not a plea bargain case. Because the specific sentence or punishment was not agreed upon in the plea agreement—here, a "charge bargain"— we would generally have agreed with the trial court that the plea agreement in this case was not subject to Rule 25.2(a)(2). However, the Court of Criminal Appeals has determined otherwise.

In *Shankle v. State*, the Court of Criminal Appeals held that, where a charge bargain effectively caps the maximum punishment, the charge bargain constitutes a plea bargain that falls within Rule 25.2(a)(2). *Shankle v. State*, 119 S.W.3d 808, 812–14 (Tex. Crim. App. 2003); *see Harper v. State*, 567 S.W.3d 450, 454–55 (Tex. App.—Fort Worth 2019, no pet.). In such a situation, the defendant may appeal only (1) if matters were raised by written motion and ruled on before trial, (2) if the trial court grants permission to appeal, or (3) if the specific appeal is expressly authorized

by statute. TEX. R. APP. P. 25.2(a)(2). Because the trial court's certification in this cause reflects that this is not a plea bargain case and that Appellant has the right of appeal, we abate this cause, as did the court in *Harper*, and direct the trial court to amend its certification. *See Harper*, 567 S.W.3d at 455.

The district clerk is directed to prepare and forward to this court a supplemental clerk's record containing the amended certification of Appellant's right of appeal. *See* TEX. R. APP. P. 34.5(c)(2). The supplemental clerk's record containing an amended certification is due to be filed in this court on or before June 21, 2021. Appellant's request for supplemental briefing will be considered upon reinstatement of the appeal.

The appeal is abated.

PER CURIAM

May 20, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.