

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00079-CR
No. 02-23-00080-CR
No. 02-23-00081-CR
No. 02-23-00082-CR

———————————————

COOPER JAMES GRIMES, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court Nos. 1697050D, 1697053D, 1698550D, 1698552D

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Cooper James Grimes attempts to appeal the trial court's judgments in these consolidated appeals. In trial court cause number 1698550D (appeal number 02-23-00081-CR), Grimes was charged with a third-degree felony count of unlawful possession of a firearm by a felon. *See* Tex. Penal Code Ann. § 46.04(e). In trial court cause number 1698552D (appeal number 02-23-00082-CR), Grimes was charged with a second-degree felony count of aggravated assault with a deadly weapon, to-wit: a firearm, with an offense date of August 28, 2021. *See id.* § 22.02(a)(2). In trial court cause number 1697053D (appeal number 02-23-00080-CR), Grimes was charged with a first-degree felony count of burglary of a habitation with intent to commit another felony, to-wit: aggravated assault. *See id.* § 30.02(d). In trial court cause number 1697050D (appeal number 02-23-00079-CR), Grimes was charged with a second-degree felony count of aggravated assault with a deadly weapon, to-wit: a firearm, with an offense date of July 6, 2021. *See id.* § 22.02(a)(2).

After entering into plea agreements with the State, Grimes pleaded guilty to all four charges, and in trial court cause number 1697050D (appeal number 02-23-00079-CR), Grimes also pleaded true to the enhancement paragraph. The plea papers—executed on September 12, 2022—reflect that in exchange for his guilty pleas to the charged offenses, the State agreed to recommend that the trial court sentence Grimes to six years' confinement in each case and would waive the repeat-offender notice in trial court cause numbers 1698550D, 1698552D, and 1697053D but only on the

condition in all the cases that he return for his sentencing on October 12, 2022, with no new offenses.[1] The written plea admonishments note that with an open plea, the "punishment can be set anywhere within the range of punishment prescribed by law for the offense(s)."

Grimes failed to appear for his sentencing.[2] He was ultimately sentenced on April 14, 2023. The trial court sentenced Grimes to ten years' confinement in 1698550D, to fifteen years' confinement in 1698552D, to fifteen years' confinement in 1697053D, and to fifteen years' confinement in 1697050D; the trial court ordered the sentences to run concurrently. Grimes has filed a notice of appeal in each case. The trial court's certifications, however, state in each case that this "is a plea-bargain case, and the defendant has NO right of appeal."

Accordingly, we notified Grimes by letter of our concern that he had no right of appeal based on the certifications in each case. *See* Tex. R. App. P. 25.2(a)(2), appendix. We stated that unless Grimes or any party desiring to continue the appeals

---

[1]The punishment recommendation's exact wording (except in 1697050D) is as follows:

Open Plea: If Defendant appears on 10/12/2022 with no new offenses, the State will recommend 6 years TDCJ and will waive the repeat[-]offender notice.

The State does not waive the deadly[-]weapon[-]finding notice, if applicable.

[2]We do not have a clerk's record, but Grimes's counsel filed a response with the "Certification of Call" attached. It is unknown why it shows that the call was performed on October 14, 2022, instead of October 12, 2022.

filed a response within ten days showing grounds for continuing the appeals, the appeals could be dismissed.  *See* Tex. R. App. P. 25.2(c), 44.3.

Grimes filed a response contending that the certifications are incorrect and that they must be amended to comport with the events that occurred in the trial court. Grimes's response explained the plea agreements, which we have set forth above, and argued that his failure to appear for sentencing as promised negated his six-year plea-bargain offer, "which according to the explicit agreement set forth in the [w]ritten [p]lea [a]dmonishments was converted into an open plea to the [c]ourt."  Grimes further responds as follows:

> In fact, upon his apprehension, . . . Appellant was sentenced pursuant to that open plea to four [sic] concurrent sentences of fifteen years['] incarceration, rather than the plea-bargained (but forfeited due to Appellant's no-show) concurrent six-year terms of incarceration originally bargained for.
>
> Notwithstanding the forfeited six-year concurrent sentences, the record here does support an inference that Appellant was the beneficiary of a "charge bargain" in three of the cases, as the judgments in the cause numbers ending in 550, 552[,] and 053 show in each case that the State did in fact waive the repeat[-]offender notice made part of each indictment.  Curiously, the cause number ending in 050 does not show any waiver of the repeat[-]offender notice; on the contrary, that judgment shows that Grimes entered a plea of "true" to the repeat[-]offender notice.
>
> Under controlling Court of Criminal Appeals['] authority, it appears that Appellant was the beneficiary of a "charge bargain" in the three trial court cause numbers ending in 550, 552[,] and 053.  In those three cases, it appears that Appellant's right to appeal will be governed by the Court of Criminal Appeals' opinion in *Shankle v. State*, 119 S.W.3d 808 (Tex. Crim. App. 2003).  Thus, Appellant's appeal in those three cause numbers will be limited to jurisdictional defects only.

4

However, in regards to the cause number ending in 050, Appellant's right to appeal will not be circumscribed, as there are no indications that once Appellant forfeited his negotiated six-years terms, that there was ever a plea[-]bargain agreement of any kind[] but rather[] only an open plea proceeding. Under these circumstances, Appellant's right to appeal is absolutely unfettered. [Response appendix references omitted.]

Grimes's response, however, overlooks a 2007 opinion from the Texas Court of Criminal Appeals and a 2019 opinion from this court explaining why these cases fall within Rule 25.2(a)(2)'s definition of a plea-bargain case. As we explained in *Knox v. State*,

> In plea-bargain cases, a defendant may appeal only those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. Tex. R. App. P. 25.2(a)(2); *see* Tex. Code Crim. Proc. Ann. art. 44.02. The rules of appellate procedure define a plea-bargain case as one "in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant." Tex. R. App. P. 25.2(a)(2). In his original pro se response to our letter, Knox suggested that Rule 25.2(a)(2) is inapplicable to these cases, arguing that they do not constitute plea-bargain cases because the ten-year sentences he received exceed the four-year terms [that] the prosecutor [had] recommended and that he [had] agreed to. In a similar vein, in his motion for rehearing, Knox argues that these are not plea-bargain cases because under the terms of the agreements, his failure to appear for his scheduled sentencing on December 27, 2017, revoked the agreements[,] and[] consequently, he was not sentenced pursuant to those agreements. We do not agree with either of these contentions.

> The plea agreements here are akin to the ones at issue in *State v. Moore*, 240 S.W.3d 248 (Tex. Crim. App. 2007). The plea agreement in that case provided that the defendant would plead guilty to the charged offense and that sentencing would be delayed for six weeks. *Id.* at 249. The defendant also promised to appear for his scheduled sentencing and not to commit any new offenses in the interim. *Id.* On the condition that the defendant abide by these terms, the State offered to recommend

5

a twenty-five[-]year sentence. *Id.* But if the defendant failed to abide by those terms, the agreement provided that the State would not recommend a punishment but that the defendant's plea would become an open plea "for the trial court to determine the sentence based on the full punishment range, up to life in prison." *Id.*

At the time the defendant was sentenced, the State presented evidence that the defendant had committed an assault during the six-week period between his plea and his originally[ ]scheduled sentencing. *Id.* Pursuant to the plea agreement, the State refrained from making any sentence recommendation. *Id.* And although the defendant asked the trial court to sentence him to the twenty-five years that the State had originally agreed to recommend, the trial court declined to do so, sentencing him to forty years' incarceration. *Id.*

The court of criminal appeals observed that the terms of the plea agreement were not merely that the defendant would plead guilty in exchange for the State's recommendation of twenty-five years' confinement. *See id.* at 255. Rather, the defendant's promise to appear for sentencing and to refrain from committing additional crimes, as well as the consequences that would happen if he failed to abide by those promises—that the State would refrain from making a punishment recommendation and [that] the defendant would be subject to the full range of punishment available—were themselves negotiated terms of the plea agreement. *Id.* at 253.

As in *Moore*, the portions of the plea agreements Knox reached with the State in these cases that provided his guilty pleas would be open to the court if he failed to appear at his December 27, 2017 sentencing without any new offenses were themselves negotiated terms of his plea agreements. *See id.* at 255. Thus, when Knox failed to appear for his sentencing, it was pursuant to those agreements that his pleas became open to the court. And Knox's plea paperwork shows [that] he was informed that if the trial court found him guilty upon an open plea of guilty, his "punishment [could] be set anywhere within the range of punishment prescribed by law for the offense" and that once the trial court accepted his guilty pleas, he could not withdraw them without permission from the trial court.

As charged in the indictments, both offenses Knox pleaded guilty to were punishable as third-degree felonies. The range of confinement

for a third-degree felony is two to ten years. Tex. Penal Code Ann. § 12.34(a). The trial court's sentences of ten years' confinement in both cases therefore did not exceed the range of punishment prescribed by law for the charged offenses. Consequently, because the terms of Knox's plea agreements subjected him to the full range of punishment available for the charged offenses, he did not receive a punishment that exceeded the one recommended by the prosecutor and agreed to by him. . . .

[Because] Knox pleaded guilty and his punishment did not exceed the punishment recommended by the prosecutor and agreed to by him, these cases fall within Rule 25.2(a)(2)'s definition of a plea-bargain case. . . . Knox has offered no indication that he either obtained the trial court's permission to appeal or intends to appeal a matter [that] he raised by written motion filed and ruled on before trial. Thus, the trial court's first amended certifications [stating that each of the cases "is a plea-bargain case, and the defendant has NO right of appeal"] were correct . . . .

Nos. 02-19-00025-CR, 02-19-00026-CR, 2019 WL 1831794, at *1–3 (Tex. App.—Fort Worth Apr. 25, 2019, pet. ref'd) (mem. op. on reh'g) (footnote omitted).

*Knox* is on all fours with the scenario presented here. Just as in *Knox*, because the terms of Grimes's plea agreements subjected him to the full range of punishment available for the charged offenses, he did not receive a punishment that exceeded the one recommended by the prosecutor and agreed to by him. *See id.* at *2. And because Grimes pleaded guilty in each case and his punishments did not exceed the range of punishment prescribed by law for the charged offenses,[3] these cases fall within Rule

---

[3]Grimes was sentenced to ten years' confinement for the third-degree felony of unlawful possession of a firearm by a felon in 1698550D, which is within the two- to ten-year range of confinement for a third-degree felony. *See* Tex. Penal Code Ann. § 12.34(a). Grimes was sentenced to fifteen years' confinement for the two second-degree felony offenses of aggravated assault with a deadly weapon, to-wit: a firearm,

25.2(a)(2)'s definition of a plea-bargain case. Similar to Knox, Grimes has offered no indication that he either obtained the trial court's permission to appeal or intends to appeal a matter that he raised by motion filed and ruled on before trial. Thus, we conclude that the trial court's certifications are correct.[4]

Accordingly, we dismiss these appeals. *See* Tex. R. App. P. 25.2(d), 43.2(f).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: May 25, 2023

---

which is within the two- to twenty-year range of confinement for a second-degree felony. *See id.* § 12.33(a). Grimes was sentenced to fifteen years' confinement for the first-degree felony of burglary of a habitation with intent to commit another felony, to-wit: aggravated assault, which is within the five- to ninety-nine-year range of confinement for a first-degree felony. *See id.* § 12.32(a).

[4]We are not persuaded by Grimes's arguments contending that his right of appeal remains unfettered in trial court cause number 1697050D. Simply because the State did not offer to waive the enhancement in that case does not change the fact that the State's recommendation of six years' confinement in that case was based on his agreement to appear for the sentencing hearing and to not commit any new offenses in the interim. We therefore see no reason to treat trial court cause number 1697050D differently than the other three cases that also required his appearance at the sentencing hearing.