

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00027-CR

———————————————

ANDRES ACEVEDO CONSTANCIA, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court No. 1606225D

Before Wallach, J.; Sudderth, C.J.; and Walker, J.
Per Curiam Memorandum Opinion

Appellant Andres Acevedo Constancia and the State agreed to a charge bargain under which Appellant pled guilty to four counts of aggravated sexual assault of a child under fourteen years of age in exchange for the State's waiving the remaining counts in the indictment—four counts of sexual assault of a child under seventeen years of age and two counts of indecency with a child by contact. As part of his written plea agreement, Appellant waived any right of appeal, and he was admonished that if the trial court followed the agreement, he would have to obtain the court's permission before prosecuting an appeal "on any matter in the case except for matters raised by written motion filed prior to trial."

In accordance with the parties' agreement, the trial court convicted Appellant of the four counts of aggravated sexual assault of a child and assessed punishment at twenty-five years' confinement. After sentencing, the trial court informed Appellant that he had "a right to appeal this case to the Second Court of Appeals." Additionally, the "Trial Court's Certification of Defendant's Right of Appeal" stated that this "is not a plea-bargain case, and the defendant has the right of appeal." However, the State's agreement to waive the charges of sexual assault of a child and indecency with a child in exchange for Appellant's guilty plea to the four counts of aggravated sexual assault of a child is a charge bargain, which qualifies as a plea bargain subject to Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure. *See Shankle v. State*, 119 S.W.3d 808, 814 (Tex. Crim. App. 2003).

Accordingly, we requested an amended certification from the trial court. We received a supplemental record with an amended certification indicating that this is a plea-bargain case and that Appellant has no right of appeal. We then notified the parties that unless Appellant or another party filed with this court a response showing grounds for continuing the appeal, we could dismiss the appeal.

We have received no response. Accordingly, we dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 25.2, 43.2(f); *Shankle*, 119 S.W.3d at 813; *Tilley v. State*, No. 02-22-00299-CR, 2023 WL 2179460, at \*1 (Tex. App.—Fort Worth Feb. 23, 2023, no pet.) (mem. op., not designated for publication).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 29, 2023