Opinion issued September 16, 2010 

 

 

 




 
 
 
 
 
 
 




 

 

 

               

 

 

 

 

In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00385-CR

———————————

CRITERIA
NICLOLE HOLMES, Appellant

V.

The State of Texas, Appellee



 



 

On Appeal from the 182nd District Court

Harris County, Texas



Trial Court Cause No.
1214871

 



 

MEMORANDUM OPINION








Appellant, Criteria Niclole Holmes,
pleaded guilty to the offense of aggravated robbery with an agreement from the
State that her punishment would not exceed confinement for 40 years.  Along with the plea of guilty in trial court
cause number 1214871, appellant, appellant=s counsel, and the State signed a
stipulation of evidence which included, among others, the following statements:
AI intend to enter a plea of guilty
and the prosecutor will recommend that my punishment should be set ‘without an
agreed recommendation with a cap of 40 years TDC.’@ Appellant also acknowledged in court
the court’s admonishment of “You are giving up your right of appeal,” and the plea
admonishments further reflect her representation to the court of “I waive my
right of appeal.” 

 In accordance with appellant=s plea bargain agreement with the
State to cap punishment at confinement for 40 years in trial court cause number
1214871, the trial court sentenced appellant to confinement for thirty five
years, a punishment that fell within the agreed punishment cap.  

Appellant did not request the trial
court=s permission to appeal any pre-trial
matters, and the trial court did not give appellant permission to appeal.  Appellant filed a timely pro se notice of
appeal.   








In a plea-bargain case in which the
punishment assessed does not exceed the plea agreement, a defendant may appeal
only those matters that were raised by written motion filed and ruled on before
trial, or after obtaining the trial court=s permission to appeal. Tex. R. App. P. 25.2(a)(2); see Chavez
v. State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (holding that
agreement to punishment cap is plea bargain for purposes of Rule 25.2;  Shankle v. State, 119 S.W.3d 808, 813
(Tex. Crim. App. 2003) (same). 

The trial court=s certification of appellant=s right to appeal states that the
defendant has waived the right of appeal, and the certification is supported by
the record.  Because appellant has waived
her appeal, we must dismiss this appeal “without further action.”  See Chavez
v. State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

          Accordingly,
this appeal is dismissed for lack of jurisdiction.

          We
deny any pending motions as moot. 








PER CURIAM

Panel consists of Chief Justice
Radack, and Justices Hanks and Massengale.

Do not publish.   Tex.
R. App. P. 47.2(b).