02-12-274-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00274-CR

 

 


 
 
 Kelly K. McKim
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 371st
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

The
State charged Appellant Kelly K. McKim with the state jail felony of
prostitution with three or more previous convictions,[2] enhanced to a third-degree
felony.[3] 
In a plea bargain, the State waived the enhancement count and agreed to
recommend a six-month sentence in a state jail facility as long as Appellant
appeared for sentencing on April 30, 2012 at 9:00 a.m.  Otherwise, Appellant’s
guilty plea would be “open” to the trial court for punishment.  Appellant
signed the judicial confession and waivers but did not appear on April 30,
2012.  When she did appear, the trial court accepted her guilty plea and
sentenced her to twenty months’ confinement in a state jail facility. 
Appellant filed a timely, pro se notice of appeal.

The
trial court’s certification states that this is a plea-bargained case and that
Appellant has no right of appeal.  Accordingly, we informed her by letter on
June 22, 2012, that this case was subject to dismissal unless she or any party
showed grounds for continuing the appeal within ten days.[4]  In her response, Appellant
argues that because the punishment exceeds the State’s six-month
recommendation, it is not a plea-bargained sentence.  We disagree.

The twenty-month
sentence imposed falls within the range of confinement for a state jail felony[5] but does not reach
two years, the minimum term of confinement for a third-degree felony.[6]  The judgment
reflects the State’s waiver of the sentence enhancement count.  Because that
waiver capped Appellant’s confinement at two years rather than ten years, we
agree with the trial court’s determination that this is a plea-bargained
case—specifically, a charge bargain.[7] 
We therefore dismiss this appeal.[8]

 

PER
CURIAM

PANEL: 
DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: 
September 20, 2012

 



 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00274-CR

 

 


 
 
 Kelly
 K. McKim
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 371st District
 Court
  
 of
 Tarrant County (1264673D)
  
 September
 20, 2012
  
 Per
 Curiam
  
 (nfp)
 
 


 

JUDGMENT

This
court has considered the record on appeal in this case and holds that the
appeal should be dismissed.  It is ordered that the appeal is dismissed.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

PER CURIAM

 









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code
Ann. § 43.02(c)(2) (West Supp. 2012).





[3]See id. § 12.425(a).





[4]See Tex. R. App. P.
25.2(a)(2), 25.2(d).





[5]See Tex. Penal Code
Ann. § 12.35(a) (West Supp. 2012).





[6]See id. § 12.34(a)
(West 2011).





[7]See Tex. R. App. P.
25.2(a)(2); Chavez v. State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006);
Shankle v. State, 119 S.W.3d 808, 813–14 (Tex. Crim. App. 2003).





[8]See Tex. R. App. P.
25.2(d), 43.2(f).