

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00274-CR

KELLY K. MCKIM                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

The State charged Appellant Kelly K. McKim with the state jail felony of prostitution with three or more previous convictions,[2] enhanced to a third-degree felony.[3] In a plea bargain, the State waived the enhancement count and agreed to recommend a six-month sentence in a state jail facility as long as Appellant

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 43.02(c)(2) (West Supp. 2012).

[3]*See id.* § 12.425(a).

appeared for sentencing on April 30, 2012 at 9:00 a.m. Otherwise, Appellant's guilty plea would be "open" to the trial court for punishment. Appellant signed the judicial confession and waivers but did not appear on April 30, 2012. When she did appear, the trial court accepted her guilty plea and sentenced her to twenty months' confinement in a state jail facility. Appellant filed a timely, pro se notice of appeal.

The trial court's certification states that this is a plea-bargained case and that Appellant has no right of appeal. Accordingly, we informed her by letter on June 22, 2012, that this case was subject to dismissal unless she or any party showed grounds for continuing the appeal within ten days.[4] In her response, Appellant argues that because the punishment exceeds the State's six-month recommendation, it is not a plea-bargained sentence. We disagree.

The twenty-month sentence imposed falls within the range of confinement for a state jail felony[5] but does not reach two years, the minimum term of confinement for a third-degree felony.[6] The judgment reflects the State's waiver of the sentence enhancement count. Because that waiver capped Appellant's confinement at two years rather than ten years, we agree with the trial court's determination that this is

---

[4]*See* Tex. R. App. P. 25.2(a)(2), 25.2(d).

[5]*See* Tex. Penal Code Ann. § 12.35(a) (West Supp. 2012).

[6]*See id.* § 12.34(a) (West 2011).

a plea-bargained case—specifically, a charge bargain.[7]  We therefore dismiss this appeal.[8]

PER CURIAM

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 20, 2012

---

[7]*See* Tex. R. App. P. 25.2(a)(2); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *Shankle v. State*, 119 S.W.3d 808, 813–14 (Tex. Crim. App. 2003).

[8]*See* Tex. R. App. P. 25.2(d), 43.2(f).