COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Nuur Ahmed v. The State of Texas

Appellate case number:   01-12-00059-CR

Trial court case number: 1282561

Trial court:             184th District Court of Harris County

The grand jury returned a true bill of indictment against appellant for the first-degree felony offense of aggravated robbery.  *See* TEX. PENAL CODE ANN. § 29.03 (West 2011). Appellant pleaded guilty to the lesser-included offense of aggravated assault.  *See id.* § 22.02. Pursuant to his plea, appellant signed a document styled "waiver of Constitutional rights, agreement to stipulate, and judicial confession," the first page of which contains several type-written waivers of rights, a statement setting forth the charges against appellant, and a hand-written notation that the "State moves to reduce to aggravated assault."  The second page of the document begins with a judicial confession wherein appellant admits that the allegations from the first page are true.  The next paragraph states: "I intend to enter a plea of guilty and the prosecutor will recommend that my punishment should be set at", followed by the hand-written notation "WOAR – PSI", meaning that the plea is "without agreed recommendation" and is being re-set for a presentence investigation.  The paragraph concludes with a waiver of "any right of appeal which I may have should the court accept the foregoing plea bargain agreement between myself and the prosecutor."  On the day of appellant's plea, the trial court executed a certification of appellant's right of appeal, indicating both that this is a plea-bargain case and appellant has no right to appeal and that this is not a plea-bargain case and appellant has the right to appeal.  There is no reporter's record of the plea hearing.  After the pre-sentence investigation, the trial court conducted a punishment hearing, found appellant guilty of aggravated assault, and sentenced him to 17 years in prison.  The judgment, under the section "Terms of Plea Bargain", states: "without an agreed recommendation – State reduced from a 1st degree felony – P.S.I. hearing."  The trial court also executed a second certification of appellant's right to appeal, indicating that this is not a plea-bargain case and appellant has the right to appeal.  The State has now filed a motion to abate, arguing that this case involves a charge-bargain and therefore is a plea-bargain case, so that appellant has no right to appeal, and requesting that the case be abated for the trial court to properly certify whether appellant has a right to appeal.

In its motion, the State argues that both the clerk's record and the reporter's record related to appellant's motion for new trial indicate that this case involves a charge-bargain.  If the

State reduced the charges against appellant in exchange for appellant's guilty plea, the case involves a charge-bargain and thereby is a plea-bargain case. *See Shankle v. State*, 119 S.W.3d 808, 813–14 (Tex. Crim. App. 2003). The appellate record, however, contains no reporter's record related to appellant's motion for new trial.[1] Further, the waiver and stipulations signed by appellant do not clearly indicate whether the reduction in the charge by the State was pursuant to an agreement with appellant. Although the stipulations include the statement that the State moved to reduce the charges, that statement appears directly before appellant's judicial confession and not as part of the paragraph discussing the agreement between the appellant and the State. The agreement paragraph, however, states that this case is without an agreed recommendation and that appellant "agree[s] to that recommendation." Therefore, the stipulations appear to indicate that this is not a plea-bargain case and that the State reduced the charges on its own, not as part of an agreement with appellant. Nevertheless, the judgment indicates that the State reduced the charges as part of the terms of a plea bargain, and the trial court certified both that this case is and is not a plea bargain case. It is therefore necessary to abate this appeal for the trial court to determine whether this case involves a charge-bargain agreement.

Accordingly, we grant the State's motion, abate this appeal, and remand the cause to the trial court for further proceedings. On remand, the trial court shall conduct a hearing within 20 days of the date of this order at which a representative of the Harris County District Attorney's Office and appellant's counsel, Nicole Debord, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound.[2]

We direct the trial court to:

1) Make a finding regarding whether the appellant pleaded guilty in exchange for the State's agreement to reduce the charge against him;
2) If the reduction was part of a charge-bargain, execute an amended certification of appellant's right to appeal indicating that this is a plea-bargain case and either appellant has no right of appeal or the trial court has given permission to appeal;
3) If the reduction was not part of a charge-bargain, execute an amended

---

[1]    Appellant's motion for new trial contains a hand-written notation indicating that the trial court denied appellant's request for a hearing on the motion. According to the docket sheet, the trial court held a conference on the record related to appellant's request for a hearing on the motion. Nevertheless, neither the designation of reporter's record nor the designation of record on appeal designates the conference for inclusion in the record, because the generic request for "any other proceedings that occurred in the above-referenced case" is insufficient to apprise the reporter that the conference should be included in the record. *See* TEX. R. APP. P. 34.6(a)(1), (b)(1).

[2]    On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

certification of appellant's right to appeal indicating that this is not a plea-bargain case and appellant has the right to appeal;

4) Make any other findings and recommendations the trial court deems appropriate; and

5) Enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. R. APP. P. 25.2(f); *Shankle*, 119 S.W.3d at 813–14.

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court within 25 days of the date of this order. The court reporter is directed to file the reporter's record of the hearing within 25 days of the date of this order. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court within 25 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.


Judge's signature: /s/ Harvey Brown
           ☑ Acting individually    ☐ Acting for the Court


Date: March 11, 2013