

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-13-00669-CR, 04-13-00670-CR, 04-13-00671-CR, 04-13-00672-CR, 04-13-00673-CR,
04-13-00674-CR, 04-13-00675-CR, 04-13-00676-CR, 04-13-00677-CR, 04-13-00678-CR, and
04-13-00679-CR

Matt **BERNAL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2012CR9915, 2012CR9914, 2012CR9913, 2012CR9907, 2012CR9908,
2012CR9909, 2012CR9910, 2012CR9911, 2012CR9905, 2012CR9906
Honorable Sid L. Harle, Judge Presiding

PER CURIAM

Sitting:      Karen Angelini, Justice
              Sandee Bryan Marion, Justice
              Marialyn Barnard, Justice

Delivered and Filed:  December 4, 2013

DISMISSED

Pursuant to a plea-bargain agreement, Matt Bernal pled guilty to the offense of aggravated robbery in each of the above-referenced cases. As part of the plea-bargain agreement, the State agreed not to seek cumulative sentences in the cases. There was no agreement as to the duration of each sentence. The trial court sentenced Bernal to forty years' confinement in each case and, in accordance with the terms of the plea-bargain agreement, ordered the sentences to run

concurrently. Thereafter, the trial court signed a certification of defendant's right to appeal in each case, stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After a clerk's record was filed in each appeal, we consolidated the appeals.

Under Rule 25.2, a defendant in a plea bargain case—that is, one in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only (1) those matters raised by written motion filed and ruled on before trial, or (2) after getting the trial court's permission to appeal. TEX. R. APP. P. 25.2(a)(2). We must dismiss an appeal if a certification that shows the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the clerk's records contain a written plea-bargain agreement signed by the prosecutor, the defendant, and his attorney. The clerk's records do not include a written motion filed and ruled upon before trial; nor do they indicate the trial court gave Bernal permission to appeal. After examining the clerk's records, we issued an order warning Bernal that these appeals would be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d), unless amended trial court certifications showing that Bernal had the right to appeal were made part of the appellate records. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order). No amended trial court certifications have been filed.

Bernal has filed a motion in which he asserts the trial court's certifications are defective. In the motion, Bernal asks us to abate these appeals and remand these cases to the trial court with instructions to amend its certifications. The crux of Bernal's argument is that his plea-bargain agreement did not invoke Rule 25.2 because it did not contain an agreement concerning the duration of his sentences. Important to determining whether a case is a plea-bargain case within

the meaning of Rule 25.2 is whether the plea-bargain agreement involves or affects punishment. *See Shankle v. State*, 119 S.W.3d 808, 813-14 (Tex. Crim. App. 2003) (analyzing whether a plea-bargain agreement affected punishment); *Lane v. State*, No. 04-06-00859-CR, 2007 WL 247717, at *1 (Tex. App.—San Antonio 2007, no pet.) (not designated for publication) (holding case was a plea-bargain case within the meaning of 25.2 when there was no agreement as to the term of confinement, but there was an agreement that (1) a sentence for one offense would run concurrently with sentences for two other offenses and (2) another charge would be dismissed). Here, the plea-bargain agreement, in which Bernal agreed to plead guilty to multiple offenses and the State agreed not to seek cumulative sentences for these offenses, involved punishment. *See De Hoyos v. State*, No. 09-07-019-CR, 2007 WL 5145393, at *2 (Tex. App.—Beaumont 1998, no pet.) (not designated for publication) ("An agreement to permit multiple sentences to run concurrently, rather than leave it to the trial court's sentencing discretion to order the sentences to run consecutively, is an agreed plea bargain for purposes of [] Rule 25.2(a)(2)."). We conclude Bernal's cases are plea-bargain cases within the meaning of Rule 25.2.

In sum, Bernal pleaded guilty and was sentenced in accordance with the terms of his plea-bargain agreement. Moreover, Bernal does not satisfy either of the exceptions stated in Rule 25.2(a)(2). Thus, the trial court's certifications accurately reflect that these cases are plea bargain cases, and Bernal has no right of appeal. Bernal's motion to abate and remand is denied. These appeals are dismissed pursuant to Rule 25.2(d). *See* TEX. R. APP. P. 25.2(d).

PER CURIAM

Do not publish