

# Fourth Court of Appeals
## San Antonio, Texas

March 25, 2014

No. 04-14-00176-CR

Marcus **HIDALGO**,
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 12-1780-CR
Honorable Gary L. Steel, Judge Presiding

# O R D E R

Marcos Antonio Hidalgo was indicted for continuous sexual abuse of a child under fourteen years of age. The indictment identified two acts of aggravated sexual assault of a child and two acts of indecency with a child by contact as the predicate acts. Hidalgo and the State entered into a plea agreement whereby Hidalgo agreed to enter an open plea of guilty to one count of aggravated sexual assault of a child and to one count of indecency with a child by contact. In return, the State agreed not to proceed on the allegation of continuous sexual assault of a child under fourteen years of age, the second allegation of aggravated sexual assault of a child, or on the second allegation of indecency with a child by contact. The State further agreed the sentences would run concurrently. The agreement provided that the State would oppose Hidalgo's application for deferred adjudication.

On February 26, 2014, the trial court imposed sentence in accordance with the agreement. However, the court signed a certification stating that the case "is not a plea-bargain case, and the defendant has the right of appeal." *See* TEX. R. APP. P. 25.2. The plea bargain, a copy of which is in the record, is a charge-bargain, which is a "plea bargain" within the meaning of Rule 25.2. *See Shankle v. State*, 119 S.W.3d 808, 813-14 (Tex. Crim. App. 2003); *Lane v. State*, No. 04-06-00859-CR, 2007 WL 247717, at *1 (Tex. App.—San Antonio Jan. 31, 2007, no pet.) (mem. op., not designated for publication). Because this is a plea bargain case, Hidalgo may appeal only matters that were raised by written motion filed and ruled on before trial or if the trial court grants him permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2).

The trial court's certification of defendant's right of appeal is defective. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005). We therefore **order** the trial court to amend the certification and to cause the trial court clerk to file a supplemental clerk's record containing the amended certification within twenty days from the date of this order.

Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 25th day of March, 2014.

Keith E. Hottle
Clerk of Court