COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Stephen Lars Morris v. The State of Texas

Appellate case number:    01-14-00511-CR

Trial court case number:  1384125

Trial court:              185th District Court of Harris County

On January 20, 2015, Stephen Lars Morris filed a motion to abate this appeal. After review of the motion and the record, the motion is **GRANTED**.

The trial court's certification of the appellant's right of appeal is defective. The certification signed by Morris on April 1, 2014 states that he waived the right to appeal, but the record does not support the certification. On April 1, 2014, Morris also signed a Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession. This document contains conflicting evidence as to whether or not a plea bargain was entered. There is a handwritten notation that "State moves to reduce to aggravated assault – Family Member w/ a deadly weapon," however the document also reflects that the plea of guilty was entered without an agreed recommendation as to punishment. Further, a plea bargain agreement was submitted on October 23, 2014, which also contains conflicting evidence. The October 23, 2014 documents states "…the following reflects the plea bargain agreement between the Defendant and the State: reduce to Agg. Asslt – FM w/Deadly Weapon NCIC 13142… WOAR." Neither document is clear as to whether consideration was made by the State in exchange for Morris' waiver of his right to appeal. Because there is no evidence as to whether there was an agreed charge-bargain, there is also no evidence in the record affirmatively showing Morris understood the punishment which could be assessed against him at the time he made his guilty plea. *See Shankle v. State*, 119 S.W.3d 808 (Tex. Crim. App. 2003) (If the State reduces charges against appellant in exchange for appellant's guilty plea, the case involves a charge-bargain and thereby is a plea-bargain case).

We, therefore, abate this appeal and remand the cause to the trial court for further proceedings. On remand the trial court shall conduct a hearing within 20 days of the date of this order at which a representative of the Harris County District Attorney's Office, appellant's trial counsel (Joseph Vinus), and appellant's appellate counsel (Melissa Martin) shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion; appellant may participate in the hearing by use of a closed-circuit video

teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound.[1]

We direct the trial court to:

1) Make a finding regarding whether the appellant pleaded guilty in exchange for the State's agreement to reduce the charge against him;

2) If the reduction was part of a charge-bargain, execute an amended certification of appellant's right to appeal indicating that this is a plea-bargain case and either appellant has no right of appeal or the trial court has given permission to appeal;

3) If the reduction was not part of a charge-bargain, execute an amended certification of appellant's right to appeal indicating that this is not a plea-bargain case and appellant has the right to appeal;

4) Make any other findings and recommendations the trial court deems appropriate; and

5) Enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. R. APP. P. 25.2(f)

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court within 30 days of the date of this order. The court reporter is directed to file the reporter's record of the hearing within 30 days of the date of this order. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court within 30 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.


Judge's signature: __/s/ Rebeca Huddle
                   X  Acting individually


Date:  March 19, 2015

---

[1] On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.