**Dismissed and Memorandum Opinion filed August 4, 2016.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-15-01027-CR

---

### WALTER PICKERING, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1436682**

---

## M E M O R A N D U M   O P I N I O N

Appellant entered a plea of guilty to murder. Appellant and the State agreed that appellant's punishment would not exceed confinement in prison for more than 45 years. In accordance with the terms of this agreement with the State, the trial court sentenced appellant to confinement for 35 years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a timely, written notice of appeal. We dismiss the appeal.

An agreement that places a cap on punishment is a plea bargain for purposes of Texas Rule of Appellate Procedure 25.2(a)(2). *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003). The trial court entered a certification of the defendant's right to appeal in which the court certified that this is a plea-bargain case, and the defendant has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2). The trial court's certification is included in the record on appeal. *See* Tex. R. App. P. 25.2(d). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

Because appellant's plea was made pursuant to a plea bargain, he may appeal only matters raised by a written pretrial motion or with the trial court's permission. *See* Tex. R. App. P. 25.2(a)(2). Appellant does not challenge any pretrial rulings or purport to have permission to appeal.

Accordingly, we dismiss the appeal.


PER CURIAM


Panel consists of Chief Justice Frost and Justices McCally and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).