**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



**ORDER**

Appellate case name:        Nseabasi Samuel Williams v. The State of Texas

Appellate case number:      01-15-00509-CR

Trial court case number:    1455282

Trial court:                263rd District Court of Harris County

Appellant pleaded guilty to the offense of engaging in organized criminal activity by the fraudulent use of identifying information. Although there was no agreed recommendation from the State as to sentencing, in return for appellant's agreement to plead guilty, the State agreed to abandon the enhancement paragraph and to reduce the number of identification items used from thirteen to less than 5, which reduced the offense from a second-degree felony to a third-degree felony. The trial court signed the judgment of conviction, sentencing appellant to five years in the Institutional Division of the Texas Department of Criminal Justice. The trial court's certification of appellant's right to appeal indicates this is not a plea-bargain case and appellant has the right to appeal.

When a defendant agrees to plead guilty to a lesser or related offense, this is a type of plea bargain, called a charge bargain. *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (en banc). And if the State agrees to dismiss a pending charge or not to bring an available charge, this effectively puts a cap on punishment. *See id.* Here, the State abandoned the enhancement and allowed appellant to plead guilty to a third-degree felony offense, rather than the original second-degree charge, which reduced the maximum sentence from 20 years' imprisonment to 10 years' imprisonment. Thus, the defendant's plea may have constituted a plea bargain.

The Rules of Appellate Procedure require us to dismiss an appeal unless a certification showing that the appellant has the right to appeal has been made part of the record. *See* TEX. R. APP. P. 25.2(a)(2). The rules also provide that an amended trial court's certification of the defendant's right to appeal correcting a defect or omission may be filed in the appellate court. *See* TEX. R. APP. P. 25.2(f), 34.5(c), 37.1. Further, when we have a record, we are obligated to review the record to ascertain whether the

certification is defective and, if it is defective, we must use Rules 37.1 and 34.5(c) to obtain a correct certification. *Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005); *see* TEX. R. APP. P. 34.5(c), 37.1.

Accordingly, we abate this appeal and remand the cause to the trial court for further proceedings. On remand, the trial court shall conduct a hearing within 20 days of the date of this order at which a representative of the Harris County District Attorney's Office and appellant's appointed counsel shall be present. Appellant also shall be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound.*

We direct the trial court to:

1) Make a finding regarding whether or not appellant has the right to appeal;
2) If necessary, execute an amended certification of appellant's right to appeal;
3) Make any other findings and recommendations the trial court deems appropriate; and
4) Enter written findings of fact, conclusions of law, and recommendations as appropriate, separate and apart from any docket sheet notations.

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court **within 25 days of the date of this order**. The court reporter is directed to file the reporter's record of the hearing **within 25 days of the date of this order**. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court **within 25 days of the date of this order**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.

Judge's signature: /s/ <u>Michael Massengale</u>
                     ☒ Acting individually

Date: <u>October 6, 2016</u>

---

\*      On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.