COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        Jamal Joyner v. The State of Texas

Appellate case number:     01-16-00775-CR

Trial court case number:    1358039

Trial court:                276th District Court of Harris County

The State has filed a motion to abate for the trial court to issue a corrected Certification of Defendant's Right to Appeal. For the reasons below, the motion is **granted**.

Appellant, Jamal Joyner, was charged with capital murder but, in accordance with an agreement with the State, pleaded guilty to a reduced charge of aggravated robbery with a single enhancement. As a result of this agreement, Joyner's sentence exposure was reduced from life without parole or death to a range of 15 years to life. *See* TEX. PENAL CODE § 12.31 (range for capital murder); TEX. PENAL CODE § 12.42(c)(1) (range for a first-degree with a prior felony). Although the agreement was without an agreed recommendation as to punishment, the State agreed that it would recommend a 50-year sentence were Joyner to testify truthfully if called as a witness in his co-defendants' trials. Ultimately, the State did not recommend a 50-year sentence, asserting that Joyner failed to cooperate in his co-defendants' trials. Joyner was sentenced to 60-years' confinement for the offense of aggravated robbery with one enhancement.

The trial court's certification of Joyner's right to appeal states that this is not a plea-bargain case and that he has the right to appeal. But, despite the State not recommending a punishment, an agreement to plead guilty to a lesser or related offense is a type of plea bargain called a charge bargain. *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003). A charge bargain "effectively puts a cap on punishment," and is a bargain governed by Texas Rule of Appellate Procedure 25.2(a)(2). *Id*. at 812-13. Here, Joyner was charged with capital murder, which carries a punishment range of life imprisonment without parole or death. *See* TEX. PENAL CODE § 12.31. By allowing Joyner to plead guilty to the lesser charge of aggravated robbery with one enhancement, the range of punishment was reduced to 15 years' to life imprisonment. TEX. PENAL CODE § 12.42(c)(1).

The Rules of Appellate Procedure require us to dismiss an appeal unless a certification showing that the appellant has the right to appeal has been made part of the record. *See* TEX. R. APP. P. 25.2(a)(2). The rules also provide that an amended trial court's certification of the defendant's right to appeal correcting a defect or omission may be filed in the appellate court. *See* TEX. R. APP. P. 25.2(f), 34.5(c), 37.1. Further, when we have a record, we are obligated to review the record to ascertain whether the certification is defective and, if it is defective, we must use Rules 37.1 and 34.5(c) to obtain a correct certification. *Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005); *see* TEX. R. APP. P. 34.5(c), 37.1.

Accordingly, we abate this appeal and remand the cause to the trial court for further proceedings. On remand, the trial court shall conduct a hearing within 20 days of the date of this order at which a representative of the Harris County District Attorney's Office and appellant's appointed counsel shall be present. Appellant also shall be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound.

We direct the trial court to:

1) Make a finding regarding whether or not appellant has the right to appeal;
2) If necessary, execute an amended certification of appellant's right to appeal;
3) Make any other findings and recommendations the trial court deems appropriate; and
4) Enter written findings of fact, conclusions of law, and recommendations as appropriate, separate and apart from any docket sheet notations.

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court **within 25 days of the date of this order**. The court reporter is directed to file the reporter's record of the hearing **within 25 days of the date of this order**. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court **within 25 days of the date of this order**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.

Judge's signature: /s/ <u>Rebeca Huddle</u>

                Acting individually

Date: <u>April 4, 2017</u>