

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-17-00197-CR

_____

DEIONTRAY DEWAYNE DARDEN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 45,313-B

Before Morriss, C.J., Moseley and Burgess, JJ.

ORDER

Deiontray Dewayne Darden and his brother, Devante Damon Darden, pled guilty to and were convicted of murder in the 124th Judicial District Court of Gregg County. Deiontray was tried under trial court cause number 45,313-B, and his appellate cause number is 06-17-00197-CR. Devante was tried under trial court cause number 45,315-B, and his appellate cause number is 06-17-00208-CR.

The procedural history of the brothers' cases is, essentially, identical. Each brother pled guilty to the offense of murder in exchange for an agreed cap on the punishment that could be assessed. Deiontray agreed to a punishment cap of forty years' imprisonment, and Devante agreed to a punishment cap of fifty years' imprisonment. By separate letters, we advised counsel for each of the Darden brothers, as well as the trial court, that the agreed-to punishment cap rendered these two cases plea bargain cases for purposes of Rule 25.2(a) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 25.2(a)(2); *Shankle v. State*, 119 S.W.3d 808 (Tex. Crim. App. 2003). We further advised the interested parties that it appeared this Court lacked jurisdiction to hear either appeal and afforded each brother the opportunity to demonstrate to this Court how it had jurisdiction notwithstanding the noted defect.

Devante's appeal, cause number 06-17-00208-CR, has been abated to the trial court for purposes of securing a proper certification of Devante's right of appeal. In the meantime, counsel for Deiontray has filed a response to this Court's jurisdictional defect letter that includes a motion to abate the case to the trial court for further proceedings regarding Deiontray's right of appeal. Deiontray's response to our jurisdictional defect letter states, "[Deiontray] would show the Court

2

that a pleading styled Plea Agreement . . . indicates that the parties at trial anticipated a punishment cap of 40 years would be recommended to the trial court. That cap was not agreed to by the parties." However, the record belies Deiontray's characterization of the agreement. First, the recommended punishment cap appears on a pre-printed form entitled "**PLEA AGREEMENT**." The line immediately following the title states, "IT IS MUTUALLY AGREED AND RECOMMENDED BY THE PARTIES," and under a section labeled "Other punishment recommendations" appears the handwritten phrase "[p]unishment cap of 40 years." The plea agreement was signed by Deiontray, his attorney, and the attorney for the State. The circumstances of Devante's plea are substantially similar, though the recommended cap was fifty years for Devante.

As we view both of the Darden brothers' cases, they were plea agreement cases under Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure and *Shankle*. Consequently, we have jurisdiction over these appeals only (1) if there were matters that were raised by written motion that was filed and ruled on before trial[1] or (2) if the trial court grants its permission to appeal. In the absence of either of these circumstances, we lack jurisdiction and will be required to dismiss the appeals for want of jurisdiction.

In light of the foregoing and as requested by counsel for Deiontray, we abate this case to the trial court for further proceedings. The trial court shall use whatever means necessary to secure a proper certification of defendant's right of appeal in compliance with Rule 25.2(d). Once

---

[1]We note that, under this circumstance, our jurisdiction would be limited solely to the matters that were raised and ruled on before trial.

properly completed and executed, the certification shall be filed with this Court in the form of a supplemental clerk's record. *See* TEX. R. APP. P. 34.5(a)(12). The trial court shall cause the supplemental clerk's record to be filed with the clerk of this Court on or before March 6, 2018. This order constitutes notice to all parties, pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure, of the defective certification in this cause. *See* TEX. R. APP. P. 37.1.

All appellate timetable are stayed and will resume on our receipt of the supplemental clerk's record.

IT IS SO ORDERED.

BY THE COURT

Date:   February 13, 2018