[pic]

 COURT OF APPEALS

 SECOND DISTRICT OF TEXAS

 FORT WORTH

 NO. 02-17-00321-CR
 NO. 02-17-00322-CR

|Theron Scott McDaniel | |APPELLANT |
| |
|V. |
|The State of Texas | |STATE |

y
 ------------

 FROM THE 43rd District Court OF Parker COUNTY
 TRIAL COURT NO. CR16-0566, CR16-0567

 ------------

 ABATEMENT ORDER

 ------------
 Based on our review of the record, we are concerned that the “Trial
Court’s Certification of Defendant’s Right of Appeal” is incorrect in each
case because, in each case, Appellant Theron Scott McDaniel entered into a
charge bargain under which he agreed to plead guilty to sexual assault of a
child in exchange for the State’s agreement to waive a count of indecency
with a child. See Tex. R. App. P. 25.2(a)(2), (d); Chavez v. State, 183
S.W.3d 675, 680 (Tex. Crim. App. 2006); Shankle v. State, 119 S.W.3d 808,
813–14 (Tex. Crim. App. 2003). [321CR39, 322CR39] Each judgment, under the
“Terms of Plea Bargain” section, reflects this agreement, stating, “Plea to
Count I; Waive Count II; No agreement as to sentence.” [321CR43, 322CR44]
However, the trial court’s certification in each case states that the case
“is not a plea-bargain case, and the defendant has the right of appeal,”
and the trial judge handwrote in “as to punishment only.” [321CR46;
322CR47]
 The State’s agreement to waive the indecency count in exchange for
McDaniel’s guilty plea in each case to sexual assault of a child qualifies
as a plea bargain subject to rule of appellate procedure 25.2(a)(2). See
Tex. R. App. P. 25.2(a)(2); Shankle, 119 S.W.3d at 813–14. The trial
court’s certifications are thus incorrect, and we abate these appeals and
remand the cases to the trial court for entry in each case of an amended
certification that comports with the record. See Tex. R. App. P. 25.2(d),
34.5(c)(2). On or before Monday, August 20, 2018, the trial court must
sign an amended certification in each case.
 The trial court, McDaniel, and McDaniel’s counsel must sign each
amended certification if practicable. If McDaniel and McDaniel’s counsel
are unavailable to sign the amended certifications, the trial court must
send them copies of the signed order and provide this court with proof of
such service. The trial court shall secure a complete, proper amended
certification in each case and must inform this court as soon as
practicable if it is unable to execute the certifications in accordance
with the requirements of rule 25.2(d). See Tex. R. App. P. 25.2(d).
 In each case, a supplemental clerk’s record containing the amended
certification must be filed with this court no later than Monday, August
20, 2018. See Tex. R. App. P. 34.5(c)(2). Upon receipt of the supplemental
clerk’s record in each case, these appeals will be automatically reinstated
and must either continue or be dismissed.
 The clerk of this court shall transmit a copy of this order to the
trial court judge, the trial court clerk, the court reporter, and the
attorneys of record on appeal.
 DATED August 7, 2018.
 PER CURIAM