**DISMISSED; Opinion Filed April 1, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00007-CR

### GARRICK JAMAL SMITH, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 068331**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Myers

Garrick Jamal Smith appeals his convictions for assault of a public servant, tampering with or fabricating physical evidence, and taking a weapon from a peace officer. Appellant pleaded guilty to all three offenses in exchange for the State's agreement to "cap" punishment in the first two counts and to abandon the enhancement paragraph in the third count. The trial court found appellant guilty and assessed punishment at twelve years in prison for each of the first two counts and two years in state jail for the third count. Appellant then filed his notice of appeal.

After reviewing appellant's notice of appeal and the details of the convictions, we had questions regarding our jurisdiction. By letter dated January 23, 2019, we asked appellant and the State to file letter briefs regarding the jurisdictional issue. Neither party responded.

The clerk's record shows that when appellant was indicted, each count had been enhanced by a prior felony conviction. Appellant agreed to plead guilty to count 1, assault of a public servant, and count 2, tampering with or fabricating physical evidence (both third-degree felonies enhanced by prior felony convictions to second-degree felony punishment), in exchange for the State's agreement to recommend a "cap" of 15 years. He also agreed to plead guilty to count 3, taking a weapon from a peace officer (a state-jail felony originally enhanced by a prior felony conviction to a third-degree punishment) in exchange for the State's agreement to abandon the enhancement paragraph. The trial court admonished appellant in writing that if he pleaded guilty under a plea bargain agreement with the State and the trial court followed the plea bargain, appellant would not be allowed to appeal his convictions "except for those matter, if any, raised by written motions filed and ruled on by the Court prior to trial." Appellant, appellant's trial counsel, the district attorney, and the trial court signed the agreement. The clerk's record also shows that no substantive written motions were filed or ruled on by the trial court prior to the hearing on appellant's pleas. The trial court then followed the plea bargain agreement, found appellant guilty, and assessed punishment. The trial court certified that appellant had waived his right to appeal.

A defendant in a plea bargain case–that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant–may appeal only (1) matters that were raised by written motion filed and ruled on before trial or (2) after getting the trial court's permission to appeal. TEX. R. APP. P. 25.2(a)(2). There are two basic kinds of plea-bargaining: charge-bargaining and sentence-bargaining. *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003). Charge-bargaining involves whether a defendant will plead guilty to the offense that has been alleged or to a lesser or related offense, and whether the prosecutor will dismiss, or refrain from bringing,

other charges. *Id*. Sentence-bargaining may be for binding or non-binding recommendations to the court on sentences, including a recommended "cap" on sentencing and a recommendation for deferred-adjudication probation. *Id*.

Here, appellant entered into a sentence plea-bargain with the State when he agreed to plead guilty in exchange for (1) the State's recommendation of a fifteen-year-cap in the third-degree offenses that were enhanced to second-degree felony punishment and (2) the State's agreement to abandon the enhancement paragraph that would have raised the range of punishment from state jail to third-degree felony in the taking a weapon from a peace officer offense. As previously noted, no substantive written motions were filed or ruled on by the trial court prior to the hearing on appellant's plea, and the trial court did not give permission to appeal. Thus, appellant waived his right to appeal.

We dismiss this appeal.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
190007F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GARRICK JAMAL SMITH, Appellant

No. 05-19-00007-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 397th Judicial District Court, Grayson County, Texas
Trial Court Cause No. 068331.
Opinion delivered by Justice Myers,
Justices Osborne and Nowell participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered this 1st day of April, 2019.