# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00220-CR

**Tyrieck Dontrell Smalls, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE 426TH DISTRICT COURT OF BELL COUNTY
## NO. 75790, THE HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant was indicted for the first degree felony offense of aggravated sexual assault of a child. *See* Tex. Penal Code § 22.021(a)(1)(B)(ii). Pursuant to a written plea agreement, appellant pleaded "no contest," *see* Tex. Code Crim. Proc. art. 27.02 (providing for plea of "nolo contendere"), to the lesser-included second degree felony offense of indecency with a child by contact, *see* Tex. Penal Code § 21.11(a)(1). Among the waivers in the plea agreement, appellant waived "any and all rights of appeal in this case." However, in the certificate of appellant's right to appeal, the trial court certified that this case was not a plea bargain case and appellant has the right to appeal. During the punishment hearing, the trial court also told appellant that he had the right of appeal in this case.

On appeal, appellant and the State agree that the appeal should be abated to correct the trial court's certificate of appellant's right to appeal. Based on the record before this Court, we agree that the trial court's certification signed on March 15, 2019, appears to be incorrect. *See Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005) (explaining that when determining whether appellant has right to appeal, appellate courts examine trial court's certification for defectiveness, defined as certification that is "correct in form but which, when compared to the record before the court, proves to be inaccurate"); *see also Shankle v. State*, 119 S.W.3d 808, 813–14 (Tex. Crim. App. 2003) (discussing appellant's right to appeal from charge-bargains).

Therefore, we abate the appeal and remand the case to the trial court to issue a new certification and, if necessary, to convene a hearing and to issue findings of facts and conclusions of law. *See* Tex. R. App. P. 37.1 (requiring appellate court to notify parties if there appears to be defect in certification); *Dears*, 154 S.W.3d at 614 (stating that appellate courts have authority under Rules of Appellate Procedure "to obtain another certification, whenever appropriate"); *see also* Tex. R. App. P. 25.2(a)(2) (addressing when defendant may appeal in plea bargain case); Tex. Code Crim. Proc. art. 44.02 (addressing defendant's right to appeal when defendant has been convicted under plea of guilty or plea of nolo contendere and trial court assesses punishment that does not exceed that recommended by prosecutor and agreed to by defendant and when defendant must have permission from trial court to bring appeal).

The district court clerk is instructed to forward to this Court a supplemental clerk's record containing the certification and any findings and conclusions no later than September 16, 2019. *See* Tex. R. App. P. 34.5(c)(2).

Before Justices Goodwin, Baker, and Kelly

Abated and Remanded

Filed:   August 13, 2019

Do Not Publish