**Dismissed and Opinion Filed June 29, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00193-CR**

**LUIS ALFONSO GARZA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. F19-34372-L**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Garcia
Opinion by Justice Myers

Luis Alfonso Garza appeals his conviction for stalking. After appellant pleaded guilty to the charged offense, the trial court found him guilty and assessed punishment at four years in prison. The trial court certified this is a plea-bargain case, appellant had no right to appeal, and appellant waived his right to appeal. Both appellant and his appointed counsel signed the certification. Six days later, appellant filed his notice of appeal.

After the clerk's and reporter's records were filed, the Court sent appellant and the State a letter inquiring about the Court's jurisdiction to hear the appeal. In our letter, we noted that the appellate record shows appellant entered into a plea

bargain agreement with the State, the trial court followed the terms of the plea bargain agreement, and the trial court certified appellant had waived his right to appeal. We requested the parties file letter briefs regarding the jurisdictional issue.

Appointed counsel did not respond. The State filed a jurisdictional letter brief stating that, although it appeared appellant did not agree to waive his right to appeal as part of his plea bargain agreement, the scope of his appeal is limited by rule 25.2 and "the record is void of any grounds that would invoke this Court's limited jurisdiction." The State requested we dismiss the appeal.

Sentence bargaining may be for binding or nonbinding recommendations to the court on sentences, including a recommended set punishment term, a recommended "cap" on a sentence, or a recommendation for deferred adjudication community supervision. *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003). Sentence bargaining affects punishment and constitutes a plea bargain agreement under appellate rule 25.2. *Id*.

Rule 25.2 governs the perfection of appeals in criminal cases and requires that the trial court certify an appellant's right to appeal. TEX. R. APP. P. 25.2(a)(2). Under rule 25.2(a)(2), an appellant in a plea bargain case is limited to appealing pretrial rulings on written motions unless the trial court grants permission to appeal. *Id*.

In this case, appellant signed a plea bargain agreement in which the State recommended a four-year sentence in exchange for appellant agreeing to plead guilty. In appellant's plea bargain agreement, the box adjacent to the language

waiving appellant's right to appeal was not marked or initialed by appellant or the State. Thus, the plea bargain agreement itself does not reflect that appellant waived his right to appeal as part of his plea agreement.

Nevertheless, the record shows appellant pleaded guilty, the trial court assessed punishment in accordance with the plea bargain agreement, and the trial court did not grant appellant permission to appeal. As a result, appellant is limited to challenging written pretrial motions ruled on before trial. *See* TEX. R. APP. P. 25.2(a); TEX. CODE CRIM. PROC. ANN. art. 44.02. Although several pretrial written motions were filed, the record contains only one order – an order granting appellant's March 23, 2021 "Motion to Consider Unadjudicated Offenses in Sentencing Defendant." Thus, it appears the trial court did not rule adversely on any of appellant's other filed motions. Because the trial court ruled in favor of appellant on this one order but did not rule on any other pretrial written motions, there is nothing that appellant may now appeal.

Under these circumstances, we dismiss this appeal.

/Lana Myers//
LANA MYERS
JUSTICE

210193f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

–3–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LUIS ALFONSO GARZA,
Appellant

No. 05-21-00193-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 5, Dallas County, Texas
Trial Court Cause No. F19-34372-L.
Opinion delivered by Justice Myers.
Justices Partida-Kipness and Garcia
participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered this 29th day of June, 2021.