**DISMISS and Opinion Filed July 12, 2022**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

### No. 05-21-01059-CR
_____

**CHARLIE RIVERA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F19-53494-M**

## MEMORANDUM OPINION

Before Justices Myers, Carlyle, and Goldstein
Opinion by Justice Goldstein

Charlie Rivera was indicted for continuous sexual abuse of a young child, an offense which is punishable by imprisonment for life or a term of not more than 99 years or less than 25 years with no opportunity for probation or parole. On October 6, 2021, after the trial court admonished him, appellant entered into a plea agreement with the State, agreeing to plead nolo contendere in exchange for the State dropping the charge to aggravated sexual assault of a child younger than 14 years of age and recommending a punishment cap of 17 years. The court recessed "until that Pre-Sentence [report] is prepared and both sides are ready to present evidence" for the punishment phase. On November 11, 23, and 30, 2021, the trial court held

punishment hearings during which witnesses testified and evidence was admitted. On December 2, 2021, the trial court found appellant guilty of aggravated sexual assault of a child and assessed punishment at 16 years in prison. The clerk's record contains two certifications of appellant's right to appeal: the first dated October 6, 2021 states "this is a plea-bargain case, and the defendant has NO right of appeal," and the second dated December 2, 2021, states "this is not a plea-bargain case, and the defendant has the right to appeal."

Appellant was appointed counsel who filed a notice of appeal and later an *Anders* brief. After further review of the clerk's record, the Court had questions concerning its jurisdiction and sent counsel for both parties a letter requesting briefs addressing whether the Court has jurisdiction over the appeal. Appellant's counsel did not file a response; however, the State filed a letter brief, agreeing that the Court does not have jurisdiction.

Two basic kinds of plea bargains affect punishment: (1) sentence bargaining and (2) charge bargaining. *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003). Sentence bargaining may be for binding or nonbinding recommendations to the court on sentences, including a recommended cap on a sentence or the State's agreement to drop an enhancement paragraph thereby reducing the punishment range. *See id*. Charge bargaining involves questions of whether the defendant will plead guilty to the offense that has been alleged or to a lesser or related offense and whether the prosecutor will dismiss or refrain from bringing other charges. *Id*. Both

–2–

sentence bargaining and charge bargaining affect punishment and constitute plea bargain agreements under appellate rule 25.2. *See id*; TEX. R. APP. P. 25.2(a)(2).

In this case, appellant pleaded nolo contendere in exchange for the State's agreement to (1) reduce the charged offense to the lesser-included offense of aggravated sexual assault of a child, punishable by imprisonment for life or a term of not more than 99 years or less than 5 years, and (2) recommend a cap of 17 years punishment. Although the plea agreement referred to this as an "open plea" because there was no set agreement on the amount of time appellant would serve, it is a plea bargain because the State agreed to cap punishment at 17 years and to reduce the case to the lesser-included offense. *See Shankle*, 119 S.W.3d at 813. Therefore, the trial court's December 2, 2021 certification stating this is not a plea bargain is defective; however, the record supports the October 6, 2021 certification. *See Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App 2005).

Under rule 25.2, appellant may appeal only (1) those matters raised by written motion filed and ruled on before trial, (2) after getting the trial court's permission to appeal, and (3) where the specific appeal is expressly authorized by statute. *See* TEX. R. APP. P. 25.2(a)(2). Here, the clerk's record shows certain written pretrial motions were filed and ruled on in appellant's favor; the remaining written pretrial motions were not ruled on by the court.

Appellant did not receive the trial court's permission to appeal, and there is no specific statutory authorization that would authorize an appeal in this case. Under these circumstances, we lack jurisdiction.

We dismiss this appeal.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
211059F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHARLIE RIVERA, Appellant

No. 05-21-01059-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas Trial Court Cause No. F19-53494-M. Opinion delivered by Justice Goldstein. Justices Myers and Carlyle participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered July 12, 2022