**Dismiss and Opinion Filed August 18, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00527-CR**

**VICTOR CANO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F21-53813-Y**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Nowell
Opinion by Justice Nowell

Victor Cano was indicted for assault family violence by impeding breathing or circulation with a previous conviction, enhanced by a prior felony conviction, making his offense punishable as a first-degree felony. On May 19, 2022, appellant entered into a plea agreement with the State, agreeing to plead guilty and waive his right to appeal in exchange for the State recommending a cap of 20 years punishment. That same day, the trial court found appellant guilty as charged and assessed punishment at 6 years in prison. The clerk's record contains a certification

of appellant's right to appeal which states "this is not a plea-bargain case, and the defendant has the right to appeal."

After reviewing the clerk's record, the Court had questions concerning its jurisdiction and requested counsel for both parties to file a letter brief addressing whether the Court has jurisdiction over the appeal. Appellant's counsel did not respond; however, the State filed a letter brief, agreeing that the Court does not have jurisdiction.

Two basic kinds of plea bargains affect punishment: (1) sentence bargaining and (2) charge bargaining. *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003). Sentence bargaining may be for binding or nonbinding recommendations to the court on sentences, including a recommended cap on a sentence or the State's agreement to drop an enhancement paragraph thereby reducing the punishment range. *See id*. Charge bargaining involves questions of whether the defendant will plead guilty to the offense that has been alleged or to a lesser or related offense and whether the prosecutor will dismiss or refrain from bringing other charges. *Id*. Both sentence bargaining and charge bargaining affect punishment and constitute plea bargain agreements under appellate rule 25.2. *See id.*; TEX. R. APP. P. 25.2(a)(2).

In this case, appellant pleaded guilty in exchange for the State's agreement to recommend a cap of 20 years punishment. Although the plea agreement referred to this as an "open plea" because there was no set agreement on the amount of time appellant would serve, it is a plea bargain because the State agreed to cap

punishment. *See Shankle*, 119 S.W.3d at 813. Therefore, the trial court's certification stating this is not a plea bargain is defective. *See Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App 2005) (rule 25.2 requires recitations in certificate to be true and supported by record).

Under rule 25.2, appellant may appeal only (1) those matters raised by written motion filed and ruled on before trial, (2) after getting the trial court's permission to appeal, and (3) where the specific appeal is expressly authorized by statute. *See* TEX. R. APP. P. 25.2(a)(2). Here, the clerk's record shows the only written order ruled on before trial was an order holding the bond insufficient which, following appellant's conviction, is moot. Appellant did not receive the trial court's permission to appeal, and nothing in the record suggests there is specific statutory authorization that would authorize an appeal in this case. Under these circumstances, we conclude we lack jurisdiction.

We dismiss this appeal.

/Erin A. Nowell//

ERIN A. NOWELL
220527f.u05                        JUSTICE
Do Not Publish
TEX. R. APP. P. 47.2(b)

–3–



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

VICTOR CANO, Appellant

No. 05-22-00527-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 7, Dallas County, Texas
Trial Court Cause No. F21-53813-Y.
Opinion delivered by Justice Nowell. Justices Partida-Kipness and Pedersen, III participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered this 18th day of August, 2022.