FILE COPY



# Fourth Court of Appeals
## San Antonio, Texas

August 22, 2022

No. 04-22-00379-CR

Jose Andres **ROMERO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 7424
Honorable Albert D. Pattillo, III, Judge Presiding

# O R D E R

The trial court signed a judgment of conviction indicating that appellant Jose Andres Romero had pleaded guilty to the charged offense in the underlying case, and appellant filed a pro se notice of appeal. The clerk's record shows the trial court signed a certification stating the underlying case "is a plea-bargain case, and the defendant has NO right of appeal." *See* Tex. R. App. P. 25.2(a)(2).

This court has a duty to examine the record to determine whether the trial court's certification of defendant's right to appeal is accurate. *See Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005). Generally, this review involves an examination of whether the punishment assessed by the trial court exceeds the punishment recommended by the prosecutor and agreed to by the defendant. *See* Tex. Code Crim. Proc. Ann. art. 44.02; *Shankle v. State*, 119 S.W.3d 808, 811–12 (Tex. Crim. App. 2003). Here, while the clerk's record contains a document entitled "Defendant's Plea of Guilt, Waivers, Stipulations of Evidence and Admonishments," neither that document nor any other documents in the clerk's record specify the punishment recommended by the prosecutor and agreed to by the defendant. Additionally, the reporter's record of the hearing or hearings related to appellant's guilty plea has not been filed. In response to our August 9, 2022 order directing appellant to provide written proof that he had requested the preparation of the reporter's record, appellant's appointed trial counsel filed a letter stating, inter alia, that he had not requested the record because "he was neither retained nor appointed to represent Appellant" on appeal. We note, however, that the record does not indicate that the trial court either granted a motion to withdraw or appointed alternate counsel to represent appellant on appeal. *See* Tex. Code Crim. Proc. Ann. art. 26.04(j)(2) (appointed counsel

"shall . . . represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is permitted or ordered by the court to withdraw as counsel for the defendant after a finding of good cause is entered on the record").

In light of the foregoing facts, we:

1. **ORDER** the District Clerk of Gillespie County to file, **by September 1, 2022**, a supplemental clerk's record containing either: (a) a written plea bargain agreement or other documentation showing the punishment recommended by the prosecutor and agreed to by the defendant; or (b) if no such written documentation exists, a letter to that effect;

2. **ORDER** the court reporter to file, **by September 21, 2022**, the reporter's record of any hearings related to appellant's guilty plea; and

3. **ORDER** that appellant's appointed trial counsel, Mr. Kurtis Rudkin, owes a continuing duty of representation to appellant unless and until a supplemental clerk's record containing an order allowing Mr. Rudkin to withdraw and appointing alternate appellate counsel is filed in this court.

_____
Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 22nd day of August, 2022.



_____
MICHAEL A. CRUZ, Clerk of Court